464 So.2d 1359 (1985)
Winnifred A. JENNINGS, Appellant,
v.
Marion A. JENNINGS, Appellee.
No. 84-529.
District Court of Appeal of Florida, Third District.
March 26, 1985.
Don R. Livingstone, South Miami, for appellant.
Stephen M. Bell, Plantation, for appellee.
Before HENDRY, HUBBART and BASKIN, JJ.
HUBBART, Judge.
The former wife Winnifred A. Jennings appeals a final judgment entered in a marriage dissolution action. She raises as her only point on appeal that the trial court *1360 abused its discretion in denying her an award of periodic alimony. Under the established law of this state, she bears a heavy burden of demonstrating that the failure to award her such alimony was an abuse of discretion as, by and large, the trial court has a very wide discretion in deciding questions of this nature; she must demonstrate that there is no reasonable basis in the record for the trial court to deny her such alimony in that no reasonable person could have reached the conclusion arrived at by the trial court.[1] For the reasons which follow, we conclude that the former wife has met this heavy burden and reverse.
We are led to this result because, viewing the record in a light most favorable to the former husband Marion A. Jennings, the former wife has passed from a relatively comfortable lifestyle during marriage to a state of financial misfortune as a result of the judgment under review. The former husband is, without dispute, thirty-six years old, in good health, employed as an FAA air controller earning some $43,000 a year, and has always supported the wife during their marriage in a relatively comfortable, but not lavish lifestyle. The former wife, on the other hand, is thirty-six years old and admittedly has only limited earning ability as a licensed practical nurse; she worked sporadically in this capacity during the parties' sixteen-year marriage, has earned in the past a maximum of $12,000 one year, and was unemployed at the time of the final hearing, having undergone some recent serious surgery. She was awarded custody of the parties' two minor children and has, without dispute, weekly expenses of $525 for herself and the two minor children. She was awarded, however, no periodic alimony and child support of $150 a week; without dispute, the child support award will not even pay the monthly mortgage payments on the marital home which she was awarded as lump sum alimony and in which she has only a small equity. To say the least, she is in a position of extreme financial hardship due to the lack of any periodic alimony award.
The former husband does not take serious issue with his former wife's financial plight as a result of the judgment under review nor with his ability to pay a periodic alimony award. Instead, he seeks to support the judgment primarily on the basis that the record supports the conclusion that the former wife was entirely responsible for the breakup of the marriage due to an open, adulterous affair. Although we agree that a party's adultery may, in the discretion of the trial court, be taken into account in deciding whether to make an award of alimony and in determining the amount of alimony, if awarded, Williamson v. Williamson, 367 So.2d 1016, 1018 (Fla. 1979); Williamson v. Williamson, 353 So.2d 880, 882 (Fla. 1st DCA 1977), modified on other grounds, 367 So.2d 1016 (Fla. 1979); McAllister v. McAllister, 345 So.2d 352, 354-55 (Fla. 4th DCA 1977), cert. denied, 357 So.2d 186 (Fla. 1978); § 61.08(1), Fla. Stat. (1983), the record in this case discloses substantial marital misconduct in the form of adultery on both sides and therefore provides no justification for the trial court's denial of any alimony to the admittedly needy former wife. See Smith v. Smith, 378 So.2d 11, 15 (Fla. 3d DCA 1979), pet. for review denied, 388 So.2d 1118 (Fla. 1980). In light of this record, such denial was arbitrary and unreasonable and constitutes an abuse of the trial court's discretion.
The final judgment under review is therefore reversed and the cause is remanded to the trial court with directions to award the former wife either rehabilitative or permanent periodic alimony, in the discretion of the trial court, in an amount which will not leave the former wife in a state of financial misfortune.
Reversed and remanded.
NOTES
[1] Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).