474 So.2d 296 (1985)
Sylvia A. PRIEDE, Appellant,
v.
Roger M. PRIEDE, Appellee.
No. 84-1411.
District Court of Appeal of Florida, Second District.
July 12, 1985.
Rehearing Denied August 19, 1985.
*297 Ann Loughridge Kerr, Tampa, for appellant.
Albert Cazin, Tampa, for appellee.
LEHAN, Judge.
The wife appeals the final judgment in this dissolution of marriage action. The issues on appeal concern the trial court's failure to award the wife lump sum or permanent periodic alimony, the trial court's ordering that a joint savings account of the parties be used to pay the college expenses of one of the children, and the trial court's failure to consider the value of the husband's pension plan when accomplishing an equitable distribution of the assets. We reverse and remand for further proceedings.
The parties had been married twenty-two years at the time of the dissolution. The wife had a college degree and had taught school for two years while the husband finished college. For the remainder of their marriage, the wife did not work outside the home except for a short period of substitute teaching. The parties had three children, one of whom was a minor. The other two children were in college.
The trial court awarded rehabilitative alimony to the wife for thirty months on the apparent basis that she could secure a full-time teaching job within that time for an annual salary of approximately $14,000. However, as this court stated in Lash v. Lash, 307 So.2d 241, 243 (Fla. 2d DCA 1975), under circumstances somewhat similar to this case, "it is still the law that where the wife demonstrates the need and the husband has the ability to pay, he is obligated to support her at a standard reasonably commensurate with that established by him during their marriage." See Jennings v. Jennings, 464 So.2d 1359 (Fla. 3d DCA 1985); Neff v. Neff, 386 So.2d 318 (Fla. 2d DCA 1980). See also Colucci v. Colucci, 392 So.2d 577 (Fla. 3d DCA 1980); Lutgert v. Lutgert, 362 So.2d 58 (Fla. 2d DCA 1978). Here the evidence indicates that the husband's salary is over three times as great as the wife's projected salary and that the wife's salary as a teacher will not be sufficient to support her at a standard which approaches that which existed during the marriage. Accordingly, *298 the wife should have been awarded permanent periodic alimony in a sum commensurate with her needs and the husband's ability to pay, taking into consideration the standard of living enjoyed during the marriage.
Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties. The two primary elements to be considered when determining permanent periodic alimony are the needs of one spouse for the funds and the ability of the other spouse to provide the necessary funds. The criteria to be used in establishing this need include the parties' earning ability, age, health, education, the duration of the marriage, the standard of living enjoyed during its course, and the value of the parties' estates.

Walter v. Walter, 464 So.2d 538, 539 (Fla. 1985), quoting from Canakaris v. Canakaris, 382 So.2d 1197, 1201-02 (Fla. 1980). Of course, if either party's financial situation changes in the future, the husband can petition for a modification of alimony. See Colucci; Lutgert.
The wife also contends that the trial court erred in ordering that the proceeds of a particular joint savings account would continue to be held jointly by the parties and be used to pay the college expenses of the middle child. "[A] parent has no legal duty to provide post-majority support to an otherwise healthy child, absent either a finding of legal dependence or a binding contractual agreement by the parent to pay such support... ." Grapin v. Grapin, 450 So.2d 853, 854 (Fla. 1984) (disapproving Nicolay v. Nicolay, 387 So.2d 500 (Fla. 2d DCA 1980), which had affirmed an alimony award to provide children's college education). The husband in this case argues that he and his wife had a binding contractual agreement that the money in the particular savings account would be used for the children's college expenses. The husband says the wife's agreement in this regard is evidenced by the fact that the proceeds of the account had already been used for three years to educate the oldest child. However, there was no evidence contrary to the wife's testimony that she had had no knowledge that the account was being used for the children's college education. Although we recognize the trial court's desire to enable the husband to fulfill the husband's evident wish to assist his children to obtain college educations, we must reverse that portion of the final judgment which requires the parties to use the savings account to pay college expenses. Accordingly, upon remand, the trial court should treat the savings account as marital assets.
As to the wife's final contention on appeal, under the facts of this case we do not hold that there was reversible error in the trial court's treatment of the husband's pension plan.
Although neither party appealed from other provisions of the final judgment which provided for the distribution of assets, all provisions relating to alimony and asset distribution shall be considered as parts of one overall scheme. Therefore, upon remand the trial court may exercise its discretion to modify the overall scheme as may be necessary to do justice and equity within the guidelines of this opinion.
Reversed and remanded for proceedings consistent herewith.
SCHOONOVER, A.C.J., and FRANK, J., concur.