CAMPBELL, Judge.
Appellant/wife in this appeal challenges three provisions of the final judgment of dissolution of marriage. She challenges first the trial court’s classification of marital and nonmarital assets for purposes of equitable distribution. Second, she challenges the award to her of temporary alimony rather than permanent alimony. Finally, she challenges the denial of her request for an award of attorney’s fees. We affirm the plan of equitable distribution of the assets of the marriage as provided in the final judgment and affirm the denial of her request for an award of attorney’s fees. We reverse the award of temporary rather than permanent alimony. On remand, we direct an award of permanent alimony.
The final judgment awarded appellant specific properties of the parties having a value of $532,000. In addition, appel-lee/husband was required to pay to appellant in cash or bonds the sum of $172,000. Appellee was ordered to pay $1,000 per month as child support for the minor child of the parties and $3,000 per month as temporary alimony for a period of two years.
At the time of the marriage of the parties in 1973, appellant was a twenty-year-old high school graduate who worked as an x-ray technician. Appellee was twenty-two years old and worked as a garbage truck driver for his family’s sanitation business in New York City.
Without detailing the family’s business enterprise, we will generalize the facts behind the trial court’s ruling by stating that the family business was established by ap-pellee’s father before appellee was born. It was incorporated in 1964, before the marriage of the parties, when appellee was about thirteen years old. Appellee’s father, prior to the parties’ marriage, began transferring shares of the family corporation to appellee and his two siblings. Ap-pellee’s shares were held in trust for him from 1964 to 1969. Eventually, appellee received a total of nineteen shares of stock in the family corporation. Appellee worked chiefly as a garbage truck driver. While appellee was later named as a corporate officer, there is no substantial evidence that appellee’s efforts, before or after the marriage, contributed significantly to either the establishment of the family business or its appreciation in value. The trial judge specifically found that the appreciation in value of the family corporation was not a marital asset. The trial judge did distribute to appellant a substantial portion of the properties that had come into the marriage as nonmarital assets from appel-lee’s family corporation, but had then acquired marital asset status and thereafter increased in value.
In 1980, appellee’s family corporation was sold for approximately $12,000,-000, with appellee receiving $4,000,000 for his interest that had been a gift from his father. At the time of the dissolution of marriage, the parties’ total net worth was in excess of $4,500,000. The trial judge found that $1,400,000 of those assets were *617 marital assets, awarding appellant properties worth $709,000. Appellant’s sole complaint regarding distribution of assets is directed at the trial court’s classification of the $3,100,000 in property remaining in ap-pellee’s possession and ownership as non-marital assets. The trial judge found that those assets were directly traceable to ap-pellee’s family business and had not appreciated in value because of appellee’s efforts and thus were properly classified nonmari-tal. We agree. There is sufficient evidence to support that finding.
Appellant relies on Crapps v. Crapps, 501 So.2d 661 (Fla. 1st DCA 1987), for support of her argument that a trial court’s determination of whether an asset is or is not a marital asset is not a matter within the court’s discretion. Appellant argues that such a determination is a question of law that acquires no presumption of correctness and must be reviewed under the strict standard of errors of law. We cannot agree with appellant’s interpretation of Crapps. The Crapps court merely observed that the parties’ bad conduct during the marriage is not to be considered in determining what assets are marital. It did not say that that determination is outside the court’s discretion.
Our view of the process of determining and distributing marital assets is that it is a question of fact whether an asset is a marital or nonmarital asset. Once that fact is properly decided, then, as a matter of law, marital assets must be considered for equitable distribution purposes. It then becomes a matter of sound judicial discretion based upon equitable principles as to the amount each party is to receive as equitable distribution. The only part of that process that must be treated as a matter of law is that all assets factually determined to be marital assets must be considered in any plan of equitable distribution.
In this case, the evidence appears uncon-troverted that the assets derived from the sale of appellee’s family’s business came to appellee and thus into the parties’ marriage as a nonmarital asset. Later, some of the assets were treated by the parties as marital assets and some as nonmarital assets. We are unable to find any error in the trial court’s determination as to those assets that were later treated as marital assets and those that were treated as nonmarital assets. We therefore affirm both the trial court’s determination that $1,700,000 of those assets were marital assets and the resulting award to appellant of $709,000.
We conclude, however, that the alimony award, limited as it was to temporary alimony, was improper. Appellee is left with approximately $4,000,000 in assets and considerable income therefrom. There is no evidence that appellant can or should be required to be rehabilitated to enjoy the life status she occupied during the marriage. Priede v. Priede, 474 So.2d 296 (Fla. 2d DCA 1985); Halberg v. Halberg, 519 So.2d 15 (Fla. 3d DCA 1987).
We therefore conclude that the $3,000 per month temporary alimony should be converted to permanent alimony. On remand, the trial judge shall amend the final judgment to reflect that conclusion. We find no error in the court’s denial of appellant’s request for attorney’s fees.
Affirmed in part and reversed in part.
DANAHY, A.C.J., and SCHOONOVER, J., concur.