325 So.2d 480 (1975)
William C. THOMPSON, Appellant,
v.
Mary M. THOMPSON, Appellee.
No. 75-35.
District Court of Appeal of Florida, Fourth District.
December 12, 1975.
Rehearing Denied January 16, 1976.
*481 Phillip T. Crenshaw, Hamilton, James, Merkle & Young, Boynton Beach, for appellant.
Larry Klein, Cone, Wagner, Nugent, Johnson & McKeown, P.A., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant husband seeks review of a final judgment of dissolution of marriage which awarded appellee lump sum and periodic alimony and charged appellant with the responsibility for all reasonable and necessary medical, dental and hospital expenses incurred by appellee.
The parties, both approximately 80 years of age, had been married for some twenty years when they separated. Both before and during the course of the marriage the husband had accumulated substantial property in his own name, including a mobile home park and motel. The trial court found that appellee "contributed her best efforts to the marriage and assisted generously with her services without complaint in the parties' operation of a motel and other rental properties."
The evidence further showed that in 1970 appellant established a trust in the State of Illinois, the corpus of which was comprised of virtually all of his property. Appellee joined in the trust instrument in order to release her dower rights. An Illinois bank was named trustee and appellant's children by prior marriages were the ultimate beneficiaries, with appellant receiving the current income therefrom and a return of principal amounting to $355 per month. After the institution of this suit appellant made substantial gifts to his children from the trust corpus and he amended the trust instrument making it an irrevocable, spendthrift trust, specifically not accessible to alimony payments.
At final hearing appellant's remaining assets were an undivided half interest in the home of the parties, worth approximately $40,000, an insurance policy with a cash surrender value of $26,000, $100 in cash, and a jointly owned automobile. Appellee's financial affidavit in evidence indicates she owns an undivided one-half interest in the marital home and the above mentioned automobile, and $12,800 in cash and stocks. Appellee's income was shown to be $140 per month from Social Security, while her expenses ran approximately $1,000 per month. The appellant's net distributions from the trust, including income and principal, was shown to be $1227 per month.
While there was little dispute that appellant had divested himself of the bulk of his estate in favor of his children in order to preclude the appellee from any fair participation therein, it should be noted that we *482 are not dealing here with a situation in which the wife sought to set aside as fraudulent prior conveyances by the husband; if it were the court might have taken those conveyances into consideration in fixing the alimony award. See cases at 27A C.J.S. Divorce § 233(3), pg. 1049; 27B C.J.S. Divorce §§ 272-273.
The record supports the trial court's finding that appellee had generously rendered services in the operation of appellant's properties during their twenty years of marriage. Now in her twilight years, appellee has a demonstrated need for alimony which in view of appellant's divestiture of his property, should be protected by lump sum alimony in addition to an award of periodic alimony. At first blush it might appear that appellant is unable to comply with the award of $10,000 lump sum alimony because of his inadequate cash position. However, the record reflects that appellant owns an undivided one-half interest in the marital domicile and a life insurance policy with a cash surrender value of $26,000. At least the latter should be readily available to raise the funds necessary to pay the lump sum award.
With regard to the periodic alimony award of $1200 per month, it is not justified by the record. Appellee's needs amounted to approximately $1,000 per month. Her income was $140 per month from Social Security, with perhaps something additional from her stocks. In any event that leaves a substantial disparity between her demonstrated need and the award of $1200. The husband's distributions from the trust amounted to $1227 per month and even though he is entitled to little sympathy from the court, $27 per month for him to exist on is unacceptable, particularly since her need is less than the $1200 awarded. In the interest of time and judicial labor we deem it appropriate to reduce the award of periodic alimony to a level justified by the record. Posner v. Posner, Fla. 1972, 257 So.2d 530.
Relying on Peteler v. Peteler, Fla.App. 1962, 145 So.2d 291, appellant suggests it was error to charge him with responsibility for appellee's reasonable and necessary medical, dental and hospital expenses. We do not agree. Surely in determining the amount of alimony which was warranted, the trial judge could have included therein some amount for either estimated medical, dental, and hospital expenses or insurance premiums to cover the costs thereof. Instead he chose to award the actual accrual of such expenses, limited in all events to those reasonable and necessary. Subsequent to the decision in Peteler, supra, the same court approved a judgment requiring the husband to pay for major medical insurance for the wife in Lyons v. Lyons, Fla.App. 1968, 208 So.2d 137. And in Perkins v. Perkins, Fla.App. 1975, 310 So.2d 438, we approved an allowance in the final judgment for hospitalization insurance for the wife.
Accordingly, the provision of the final judgment awarding the sum of $1200 per month as periodic alimony is modified so as to provide for an award of $860 per month as periodic alimony, and as so modified the final judgment appealed from is affirmed.
Affirmed as modifed.
OWEN, J., concurs.
WALDEN, C.J., concurs in part and dissents in part.
WALDEN, Chief Judge (concurring in part, dissenting in part).
I concur in the majority opinion, except as to that portion which approves the award of $10,000 as partial lump sum alimony *483 and suggests that the husband has the ability to pay same via his undivided one-half interest in the marital domicile or by cashing in his life insurance.
Implicit in the majority opinion, at least as I read it, is the notion that somehow the husband was guilty of dirty work at the crossroads and should be penalized for it because he created a trust and made substantial gifts to his children from the trust corpus (which he had the clear, legal right to do) so as to leave him with the limited assets and income available for alimony purposes. I fail to see it that way. It should be emphasized that the wife freely and voluntarily joined in the trust instrument. The only rights she thereby released were those of dower  she had no fee or other interest in the property. Furthermore, I fail to see in the pleadings or elsewhere that the wife attacked the trust agreement or charged fraud or misrepresentation or sought to implead the children and void the gifts. Furthermore, I fail to see fraud from the proofs and feel that the husband's actions were normal and to be expected from an eighty year old man who wanted to provide for his children of an earlier marriage.
Weighing the husband's ability to pay against the need of the wife, I feel that an alimony obligation to the wife is fully met by the periodic payments discussed by the majority.
In conclusion, it is my view, respectfully recorded, that the lump sum alimony award was nothing more or less than an improper, undeserved penalty visited against the husband.

ON PETITION FOR REHEARING
DOWNEY, Judge.
On petition for rehearing appellant has pointed out our error in stating that appellant was the owner of a life insurance policy with a cash surrender value of $26,000.00, whereas the record shows he owns only a one-third interest therein. Accordingly, we correct our opinion published December 12, 1975 to reflect that corrected factual situation.
We see no reason to change the substance of our decision because appellant's undivided one-half interest in the domicile appears adequate to satisfy any judgment for the lump sum award of alimony.
Petition for rehearing denied.
WALDEN, C.J., and OWEN, J., concur.