375 So.2d 1086 (1979)
Tom D. GRIFFIN, Appellant,
v.
Elsbeth E. GRIFFIN, Appellee.
No. KK-349.
District Court of Appeal of Florida, First District.
September 12, 1979.
Rehearing Denied November 6, 1979.
*1087 John Peter Kirtz, Jr., and William A. Baxter, Pensacola, for appellant.
Artice L. McGraw of Cetti & McGraw, Pensacola, for appellee.
LARRY G. SMITH, Judge.
Appellant appeals from a final judgment of dissolution of marriage. We affirm in part and reverse in part.
After consideration of the briefs and arguments, and the record of testimony before the trial court, we conclude that the trial judge did not abuse his discretion in awarding the possession and use of the marital home to the wife, nor in awarding to the wife rehabilitative alimony and attorney's fees.
We find, however, that the trial court erred in imposing upon appellant a fine payable to the Clerk of the Circuit Court as punishment for his contempt in failing to pay installments of alimony, one-half of a credit union account, and attorney's fees, subsequent to the final judgment. The procedure followed here was proper for civil contempt, but not for criminal contempt. The distinction between the two types of contempt is important, both from the standpoint of the procedure to be followed, as well as the punishment that may be administered by the court. These distinctions and the procedural requirements are fully discussed in Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977). If the purpose of the proceedings is to coerce action or nonaction by a party, the order of contempt is characterized as civil. On the other hand, a criminal contempt proceeding is maintained solely and simply to vindicate the authority of the court or to punish otherwise for conduct offensive to the public in violation of an order of the court. In Pugliese, the court said:
"We emphasize that in any instance where the trial court can reasonably anticipate that conduct of such a nature is present as will invoke the criminal contempt powers of the court to punish the offender, procedural due process of law demands that the proceedings be conducted in conformity with Fla.R.Crim.P. 3.840." (Opinion page 426)
In this case appellee's counsel simply filed the usual motion alleging contempt for non-payment of these monetary sums, and noticed the same for hearing. There was no order to show cause in accordance with Rule 3.840, Florida Rules of Criminal Procedure, and the court was not authorized to impose a penalty as in criminal proceedings. Here the fine was payable to the Clerk, not to the wronged party. This is distinguishable from a "compensatory fine" made payable to the party measured by the damages suffered by that party and proven with reasonable certainty. National Exterminators v. Truly Nolen, Inc., 86 So.2d 816 (Fla. 1956). See also Florida Jur.2d, "Contempt", §§ 3, 45.
As for the appellant-husband's claim of a special equity in the marital residence and the vacant adjoining lot, we find that the trial judge in this instance abused his discretion in failing to recognize the claim of special equity based upon uncontroverted evidence of the special contributions to the purchase of this property from resources wholly separate and apart from the marriage relationship. The two lots were purchased in 1972 for $5,842.50, and $4,892.50, respectively, from the liquidation of securities held in appellant's stock trading account, which was established solely in his name prior to the marriage. The residence, built in 1973, was financed in part by a loan from appellant's parents. This loan was partially paid by the transfer of property owned by appellant in Alabama, purchased *1088 by appellant prior to his marriage and titled in his name solely, for which appellant's parents gave credit for $10,000.00.
Ball v. Ball, 335 So.2d 5 (Fla. 1976) held that proof of a special equity was established under the facts of that case, where all of the consideration for the property held as tenants by the entireties was supplied by one spouse from a source clearly unconnected with the marital relationship. We do not read that opinion as limiting the award of a special equity to cases where all, as opposed to a part of the consideration has been paid by one spouse from sources unconnected with the marital relationship. The Ball opinion states, in part:
"Either spouse has the right to attempt to establish a `special equity' in the realty by reason of his or her extraordinary contribution toward its acquisition, either financially or through personal industry and service to the other party." (Opinion page 7)
The evidence in this case amply demonstrates that the home and the additional lot were acquired and all payments on them were made through the husband's earnings during the marriage, and from contributions from resources he owned individually prior to the marriage; and we find no countervailing evidence or circumstances in this case that would justify refusal to recognize his special contribution towards acquisition of the property. To the extent of the contributions from his pre-marital assets as above specified the husband is entitled to a special equity.
This cause is reversed and remanded for entry of modifications to the final judgment setting aside the fine for contempt, and awarding a special equity to the husband in the amount of $20,735.00. Appellee's motion for attorney's fees on appeal is denied.
MILLS, C.J., and BOOTH, J., concur.