388 So.2d 1342 (1980)
John K. PEPPER, Appellant,
v.
Carolyn R. PEPPER, Appellee.
No. 79-1838.
District Court of Appeal of Florida, Third District.
October 14, 1980.
*1343 George, Hartz & McNary and Charles K. George, Miami, for appellant.
Proby & Adkins, Professional Ass'n and Lucien C. Proby, Jr., Coral Gables, for appellee.
Before HUBBART, C.J., and SCHWARTZ and BASKIN, JJ.
SCHWARTZ, Judge.
Pepper contends that excessive and unjustified financial obligations were imposed upon him in the final judgment which dissolved the 31 year marriage of the parties. It is true that these requirements are heavy, indeed. Particularly because, however, of the evidence concerning the serious and debilitating mental illness of the wife, as contrasted with the continuing wage earning ability of the husband, we are unable to find that the trial court abused its discretion (a) in fixing the amount of permanent alimony, Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); compare, Blum v. Blum, 382 So.2d 52 (Fla. 3d DCA 1980) and (b) in requiring Mr. Pepper to continue to be responsible for the "required and needed" expenses of the appellee's illness. Thompson v. Thompson, 325 So.2d 480 (Fla. 4th DCA 1975); Lyons v. Lyons, 208 So.2d 137, 139 (Fla. 3d DCA 1968). Nor, in the light of these facts, was there error in the award to the wife of Pepper's entireties interest in the family domicile, especially since the record also shows that the funds for its purchase were ultimately derived from the sale of the parties' first marital home which Mrs. Pepper inherited from her mother. Canakaris v. Canakaris, supra; Rosen v. Rosen, 386 So.2d 1268 (Fla. 3d DCA 1980); see Ball v. Ball, 335 So.2d 5 (Fla. 1976); Griffin v. Griffin, 375 So.2d 1086 (Fla. 1st DCA 1979); compare, Parham v. Parham, 385 So.2d 107 (Fla. 3d DCA 1980).
We do find merit in the appellant's remaining contentions. As a result of the terms of the final judgment which we have approved, Mrs. Pepper's financial situation is markedly superior to the appellant's. She will receive almost half his net income in alimony and owns the entire interest in the home which was the Peppers' only real capital asset. Under these circumstances, there was no basis to require the appellant to pay Mrs. Pepper's attorney's fees. Pusey v. Pusey, 386 So.2d 269 (Fla. 3d DCA 1980); Bullard v. Bullard, 380 So.2d 1090 (Fla. 3d DCA 1980). Finally, we hold that it was improper to impose upon the appellant the burden of paying the 1978 real estate taxes upon the home which now belongs entirely to his ex-wife. Cf., Smith v. Smith, 378 So.2d 11, 17-18 (Fla. 3d DCA 1979).
The award of attorney's fees and the provision for the payment of the 1978 taxes are stricken from the final judgment, which is otherwise entirely affirmed.
Affirmed in part, reversed in part.