NIMMONS, Judge.
Robert Carlyle appeals from the trial court’s December 20, 1982 order adjudging him to be in criminal and civil contempt of court and sentencing him to a term of 179 days in the county jail. The order further provided that after serving that period of incarceration, he should be released from jail upon his payment to Ruth Carlyle (Robert’s former wife) and her attorney the sum of $16,000 “plus a fine of $5,000.” For the reasons mentioned below, we reverse and remand.
Basically, the order purported to identify two classes of contemptuous acts committed by the contemnor: (1) his failure to pay sums for alimony, costs and attorney’s fees previously ordered by the court; and (2) his willful failure to appear at a December 7, 1982 hearing pursuant to a previous order of the court. The type of contemptuous conduct described in category # 1 above may be dealt with only as a civil contempt, Dykes v. Dykes, 104 So.2d 598 (Fla. 3d DCA 1958), while the conduct described in category # 2 may be treated as criminal contempt. Certain deficiencies in the subject order need to be addressed.
The trial court made no finding that appellant/contemnor owed the sum of $16,000 and there is no indication as to what the sum represented.
Insofar as the order purports to invoke the civil contempt powers of incarceration to coerce payment of the sums referred to above, the order is deficient in that the court failed to make affirmative findings required by Faircloth v. Faircloth, 339 So.2d 650, 651 (Fla.1976) that either
(1) the [contemnor] presently has the ability to comply with the order and willfully refuses to do so, or
(2) that the [contemnor] previously had the ability to comply, but divested himself of that ability through his fault or neglect designed to frustrate the intent and purpose of the order.
See also Upchurch v. Upchurch, 418 So.2d 373 (Fla. 5th DCA 1982).
The December 20, 1982. order is also deficient because it purports to impose a sentence for criminal contempt in the absence of the contemnor. The presence of the contemnor is required in order for sentence to be imposed. See Fla.R.Cr.P. 3.840. Of course, the circumstances may dictate the need for the court to issue an order of arrest in order to secure the presence of the contemnor. In any event, the sentencing proceeding should not be conducted until the contemnor is before the court whether by voluntary appearance or pursuant to order of arrest. We do not mean to be understood as holding that the trial court erroneously found that the contemnor willfully disobeyed the order requiring his presence at the December 7, 1982 hearing. As to that aspect of the order, we only say that it was error for the court to sentence the defendant for criminal contempt in his absence.
Finally, we address that portion of the order which provided for the con-temnor ⅛ release from jail upon his payment, in addition to the previously mentioned $16,000, of “a fine of $5,000 payable to the registry of the court to be dispensed in accordance with law.” It is clear from the order that the trial court did not intend the fine to be a part of the criminal penalty imposed as punishment for the criminal contempt aspect of the order. And so the only manner in which the fine imposed can be sustained is if it is determined to be a “compensatory fine” payable to the party injured as a result of contemnor’s contemptuous conduct. South Dade Farms v. Peters, 88 So.2d 891, 899 (Fla.1956) and Langbert v. Langbert, 409 So.2d 1066 (Fla. 4th DCA 1981); compare McElhiney v. Ash Properties, Inc., 411 So.2d 291 (Fla. 1st DCA 1982). Such a fine may be imposed, the amount imposed being measured by the damages suffered and proved with reasonable certainty. Griffin v. Griffin, 375 So.2d 1086 (Fla. 1st DCA 1979); see also National *178 Exterminators, Inc. v. Truly Nolen, 86 So.2d 816 (Fla.1956). That portion of the subject order imposing the fine is deficient in that (1) one cannot conclude from the order that it was imposed for the benefit of appellee; and (2) it cannot be determined from the order whether the amount of the fine bears any relationship to damages suffered by appellee. On remand, the trial court will reconsider the fine provision in accordance with the principles enunciated in the above cited authorities.
The order appealed is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ROBERT P. SMITH, Jr. and SHIVERS, JJ., concur.