466 So.2d 356 (1985)
Annette Y. MILLER, Appellant/Cross-Appellee,
v.
Claude W. MILLER, Appellee/Cross-Appellant.
No. 83-1264.
District Court of Appeal of Florida, Fifth District.
March 7, 1985.
Rehearing Denied April 9, 1985.
W. Marvin Hardy, III, of Gurney & Handley, P.A., Orlando, for appellant/cross-appellee.
Dwight W. Severs of Crofton, Holland, Starling, Harris & Severs, P.A., Titusville, for appellee/cross-appellant.
FRANK D. UPCHURCH, Jr., Judge.
The wife appeals from a final judgment of dissolution of marriage which distributed the parties' property and awarded her permanent alimony. The husband cross appeals.
With the exception of the insurance question discussed below, we do not find the court abused its discretion. Kuvin v. Kuvin, 442 So.2d 203 (Fla. 1983); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
Under the judgment, the husband must pay for his wife's medical insurance *357 and for medical and dental costs she may incur which are not covered by insurance. It is well established that a trial court, in its discretion, may order a former husband to pay a reasonable amount for medical insurance premiums for the wife as part of an alimony award. Inglett v. Inglett, 439 So.2d 1389 (Fla. 1st DCA 1983); Cyphers v. Cyphers, 373 So.2d 442 (Fla. 2d DCA 1979); Blass v. Blass, 316 So.2d 308 (Fla. 3d DCA 1975). The husband does not argue that he is unable to obtain medical insurance at a reasonable cost, rather he claims that the requirement that he pay all of the wife's medical and dental costs not covered by insurance and regardless of amount, is error since one extended illness could wipe him out financially. We agree and remand to the trial court to determine his maximum liability in this regard. Jordan v. Jordan, 389 So.2d 1258 (Fla. 1st DCA 1980). See generally, Thompson v. Thompson, 325 So.2d 480 (Fla. 4th DCA 1976).
AFFIRMED in part and REVERSED and REMANDED in part.
ORFINGER and SHARP, JJ., concur.