477 So.2d 620 (1985)
David T. RICHARDS, Appellant,
v.
Pauline I. RICHARDS, Appellee.
No. 84-1519.
District Court of Appeal of Florida, Fifth District.
September 19, 1985.
Rehearings Denied October 29, 1985.
Johnie A. McLeod of McLeod, McLeod & McLeod, Apopka, for appellant.
Russell H. Cullen, Jr., Altamonte Springs, for appellee.
COBB, Chief Judge.
David Richards appeals the final judgment dissolving his marriage with Pauline Richards and awarding her $800.00 per month in permanent alimony, a 1982 automobile, payment of all medical expenses, and $3,000.00 in attorney's fees. Appellant raises a number of points on appeal contesting these awards; however, only one merits discussion.
The final judgment rendered by the trial court required the husband to pay, as permanent alimony, all of the wife's medical expenses not provided by Medicare or Medicaid. The husband argues that this requirement is in error, since an extended illness could wipe him out financially. This issue was discussed in the recent case from this court of Miller v. Miller, 466 So.2d 356 (Fla. 5th DCA 1985). In Miller, the husband was required to pay for all medical and dental costs incurred not covered by insurance. This court held:
... It is well established that a trial court, in its discretion, may order a former husband to pay a reasonable amount for medical insurance premiums for the wife as part of an alimony award. [Citation omitted.] The husband does not argue that he is unable to obtain medical insurance at a reasonable cost, rather he claims that the requirement that he pay all of the wife's medical and dental costs not covered by insurance and regardless of amount, is error since one extended illness could wipe him out financially. We agree and remand to the trial court to determine his maximum liability in this regard. Jordan v. Jordan, 389 So.2d 1258 (Fla. 1st DCA 1980). See generally, Thompson v. Thompson, 325 So.2d 480 (Fla. 4th DCA 1976).
Id. at 357.
In accordance with our decision in Miller, we remand to the trial court to determine the husband's maximum liability in regard to medical expenses. Otherwise, the judgment of the trial court is affirmed.
AFFIRMED in part; REVERSED in part; and REMANDED.