490 So.2d 1334 (1986)
Larry Jim BLACK, Appellant,
v.
Marsha BLACK, Appellee.
No. 85-1950.
District Court of Appeal of Florida, Fourth District.
July 2, 1986.
Sidney L. Feuvrel, Jr., Orlando and Rena Fazio, Winter Park, for appellant.
*1335 Ronald Sales of Law Offices of Ronald Sales, West Palm Beach and Peggy Rowe-Linn of Merkle, Bright & Sullivan, Delray Beach, for appellee.
STONE, Judge.
This is an appeal from a final judgment of dissolution. Appellant-husband contends that the award, taken as a whole, is excessive.
The trial court directed the husband to pay child support of $500.00 per month, permanent periodic alimony of $500.00 per month, medical and hospitalization insurance and future medical and hospital expenses. As part of an equitable distribution, the wife was awarded the husband's interest in their jointly owned residence through lump sum alimony and the husband was awarded certain other property as well as his IRA and pension fund. The wife also received $72,000.00 in a savings account which the court ruled was her separate property.
The wife has a substantial illness which has required numerous hospitalizations and major surgeries in recent years. Although her condition is presently stabilized, she continues to be disabled. The husband is an engineer with a present salary of approximately $38,000.00 per year. The wife is a teacher with a master's degree, presently working on a doctorate.
The wife has received a larger percentage of their assets in addition to receiving substantial monthly payments and benefits which may be in excess of 40% of the husband's net income. However, taking into consideration the wife's serious physical condition, we do not find the judgment to be an abuse of discretion, but rather find it to be based on a balancing of equities supported by logic and justification. Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980); Pepper v. Pepper, 388 So.2d 1342 (Fla. 3d DCA 1980).
We recognize that there may come a time when the husband may not be able to afford to pay the medical payments in addition to support and alimony. We also recognize that the wife has the ability to earn a substantial income if her health permits. In either of such events, there are ample remedies available to the appellant through modification.
This case is remanded, however, because the final judgment contains no limits on the appellant's obligation to pay medical and hospitalization expenses. Although the trial court may properly provide for these payments, and for the payment of medical and hospital insurance, they must, at a minimum, be limited to those which are reasonable and necessary. Miller v. Miller, 466 So.2d 356 (Fla. 5th DCA 1985); Thompson v. Thompson, 325 So.2d 480 (Fla. 4th DCA 1975); Lyons v. Lyons, 208 So.2d 137 (Fla. 3d DCA 1968).
Therefore, the final judgment is reversed in part. We remand to the trial court to modify paragraphs 6 and 7 by limiting the husband's potential liability in accordance with this decision. In all other respects the final judgment is affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GLICKSTEIN and GUNTHER, JJ., concur.