502 So.2d 37 (1987)
Marguerite STOWE, Former Wife, Shelly Stowe and Walter B. Stowe, III, Appellants,
v.
Walter E. STOWE, Appellee.
No. 85-2359.
District Court of Appeal of Florida, Fourth District.
January 21, 1987.
Rehearing Denied March 5, 1987.
*38 Karen Kugell, Sunrise, for appellants.
Judith B. Migdal and Howard S. Gaines of Gaines and Feren, Fort Lauderdale, for appellee.
HERSEY, Chief Judge.
The former wife's amended petition to enforce a property settlement agreement and for attorney's fees and costs was denied. Two children of the parties, beneficiaries of the provisions in contention, joined in the petition and are also appellants here.
We conclude that medical expenses of the daughter incurred between May 1983 (all prior expense having been met by the husband) and July 30, 1984 (stipulated as the date of the daughter's emancipation), supported by record evidence as totaling $8,052.67, were properly an expense that the husband was obligated to pay and did not. The son's orthodontic expenses in the amount of $1,350.00 were also an appropriate charge against the husband. Thus, the wife is entitled to reimbursement from the husband in the amount of $9,402.67, which the trial court on remand shall award.
Appellant's objections to evidentiary rulings are without merit and are rendered moot by the foregoing.
Failure to include a prior cost award of $40.00 in the final judgment has no effect on its efficacy and we therefore do not treat this aspect of the appeal.
Finally, appellant suggests an abuse of discretion in the failure of the trial court to award her attorney's fees and costs. It is elementary that "the award of attorney's fees in a dissolution proceeding depends not upon who wins but rather upon the relative financial circumstances of the parties." Hudgens v. Hudgens, 411 So.2d 354, 355 (Fla. 2d DCA 1982). A trial court's failure to award fees to a wife whose financial position is substantially inferior to the husband's constitutes an abuse of discretion. McClay v. McClay, 447 So.2d 1026 (Fla. 4th DCA 1984); Johns v. Johns, 423 So.2d 443 (Fla. 4th DCA 1982).
Appellant here is financially able to pay her attorney's fees, but that does not end the matter. The trial court must engage in a balancing process, the relevant factors of which include the income and net worth of the respective parties. The record here is insufficient to permit a comparison *39 of the parties' ability to pay since the parties stipulated that the husband has the ability to pay any fee that might be awarded, which stipulation was in lieu of production of the husband's financial records. Upon remand it will be necessary to take evidence on the relative financial positions of the husband and the wife. We do not determine the issue of the sufficiency of the evidence now in the record as to the wife's financial status. We note only the absence of any evidence on the husband's finances. The burden will be on the husband to come forward with evidence on this issue. Failure or refusal to do so will permit an inference, based upon the stipulation and the wife's evidence, that the wife's financial position is substantially inferior to the husband's.
Reversed and remanded for further proceedings.
REVERSED.
DOWNEY, J., concurs.
LETTS, J., dissents without opinion.