506 So.2d 16 (1987)
Robert P. ANGLE, Appellant,
v.
Virginia G. ANGLE, Appellee.
No. 86-1102.
District Court of Appeal of Florida, Second District.
March 27, 1987.
John Thor White, St. Petersburg, for appellant.
Thomas E. Reynolds, of the Law Offices of Edward D. Foreman, P.A., St. Petersburg, for appellee.
HALL, Judge.
The husband, Robert Angle, appeals the provisions of the final judgment of dissolution of marriage and a subsequent order modifying it. He argues that the trial court erred in awarding his former wife, Virginia Angle, payment of all her medical expenses without limitation, a one-half interest in the property of his partnership, insurance benefits for the parties' minor son until the son finishes his undergraduate college studies, and attorney's fees. We agree with the husband's first three contentions and reverse, but we affirm the award of attorney's fees.
The parties were married for fifteen years and have two children. Neither the husband nor the wife came into the marriage with significant assets. The record reveals that the wife had a history of physical and mental ailments throughout the marriage and is incapable of meaningful employment. The husband owns one-half interest in a construction company and a *17 partnership whose sole assets consist of real property.
In the amended final judgment the trial court ordered that "the Husband is required to maintain for and on behalf of the wife health insurance including but not necessarily restricted to insurance premiums, bills, and deductible amounts relating to medical, dental, ocular, and psychological expenses reasonably and necessarily incurred by the wife until her death or remarriage, whichever shall first occur."
The husband contends that this provision is "open ended" and subjects him to unlimited financial liability. We agree.
The wife has had a history of mental and physical ailments. These ailments render her incapable of meaningful employment and require continuing treatment. The trial court erred in not sufficiently limiting appellant's liability as to these expenses. Jones v. Jones, 493 So.2d 19 (Fla. 5th DCA 1986); Richards v. Richards, 477 So.2d 620 (Fla. 5th DCA 1985). On remand, the trial court should require the husband to pay for health insurance on behalf of the wife, including all insurance premiums and deductible amounts, and should retain jurisdiction to review requests by the wife to recover all medical expenses necessarily and reasonably incurred by her which are not covered by insurance.
The husband further contends that the trial court erred when it awarded the wife, as lump sum alimony, an undivided one-half interest in his partnership property. The husband argues that under section 620.68(2)(b), Florida Statutes (1984), a partner's right in specific partnership property is not assignable except in connection with the assignment of rights of all the partners in the same property. We agree.
The levy of partnership assets for the debts of an individual partner disrupts the partnership business and, consequently, results in injustice to the other partners. Myrick v. Second National Bank, 335 So.2d 343 (Fla. 2d DCA 1976).
The trial court determined that the present value of the husband's one-half interest in the partnership property is $75,000. To avoid this injustice, the trial court should have awarded the wife one-half of the value of the husband's interest in the partnership property in a dollar amount rather than in a specific share of the partnership assets. Upon remand, the trial court should award the wife $37,500, as lump sum alimony.
Finally, the husband contends that the trial court erred in requiring him to maintain life and medical insurance for the benefit of the parties' minor son "terminable upon the legal emancipation of the said minor child, Robert Angle, unless said child shall attend an undergraduate college in which case the Husband shall provide medical insurance which may be reasonably available to the Husband." We agree.
A parent's legal duty to support children ceases at the age of majority absent a finding of dependency after majority. Wilkerson v. Wilkerson, 430 So.2d 542 (Fla. 1st DCA 1983), Kern v. Kern, 360 So.2d 482 (Fla. 4th DCA 1978). Therefore, on remand, we direct the trial court to strike the provisions of the amended final judgment ordering the husband to provide for medical expenses for the minor child, Robert Angle, during the time he attends undergraduate college after his majority. Hilsman v. Hilsman, 438 So.2d 880 (Fla. 4th DCA 1983).
In all other respects, the final judgment is affirmed.
Affirmed in part; reversed and remanded with directions.
CAMPBELL, A.C.J., and LEHAN, J., concur.