519 So.2d 15 (1987)
Joan HALBERG, Appellant,
v.
David HALBERG, Appellee.
Nos. 86-3148, 87-193.
District Court of Appeal of Florida, Third District.
November 3, 1987.
As Corrected December 22, 1987.
*16 Sinclair, Louis, Siegel, Heath, Nussbaum & Zavertnik and Evan J. Langbein and Paul Siegel, Miami, for appellant.
Herbert Stettin, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and FERGUSON, JJ.
BASKIN, Judge.
Joan Halberg appeals a Final Judgment of Dissolution of Marriage and an Order Awarding Attorneys' Fees, Costs and Suit Monies, disputing, among other matters, the trial court's awards of permanent and rehabilitative alimony and the distribution of marital assets. David Halberg cross-appeals the final judgment and the order awarding attorney's fees.[1] We reverse in part.
The Halbergs were married in 1971, shortly after Mr. Halberg completed his first year of law school. During the ensuing years the parties worked at various jobs, pooling their money. Over the course of the marriage, Mr. Halberg established a highly successful legal practice. Although his income from his law practice varied widely from year to year, his average income of over $400,000 enabled the couple to enjoy a lavish lifestyle and acquire a marital home valued at approximately $700,000. Mrs. Halberg, who has a college education, worked intermittently on a parttime basis at the preschool day care center in which she owned an interest, but earned no more than $12,000 annually during the marriage. She also cared for the couple's two children. Mrs. Halberg required psychiatric care during the marriage; she suffers from a major affective disorder, has attempted suicide on several occasions, and recently required hospitalization. Her prognosis is "guarded."
The trial was bifurcated as to custody and financial issues, and resulted in the trial court granting Mr. Halberg primary custody of the children, awarding Mrs. Halberg $2,000 a month rehabilitative alimony for five years. The court divided the approximately $1 million in marital assets, awarding Mr. Halberg two-thirds and Mrs. Halberg one-third of the assets. Mrs. Halberg appealed and Mr. Halberg cross-appealed.[2]
After reviewing the record, we agreed with Mrs. Halberg that the trial court's award of $2,000 per month rehabilitative alimony for a period of five years is error as a matter of law. De Cenzo v. De Cenzo, 433 So.2d 1316 (Fla. 3d DCA 1983); see Carroll v. Carroll, 471 So.2d 1358 (Fla. 3d DCA), review denied, 482 So.2d 347 (Fla. 1985). "Rehabilitative alimony is used to establish the capacity for self-support in the receiving spouse, either through the redevelopment of previous skills, or provision *17 of the training necessary to develop potential supportive skills." Sever v. Sever, 467 So.2d 492, 494 (Fla. 2d DCA 1985). The record does not demonstrate that Mrs. Halberg will be able to work or, even if she should become able to resume work, that her projected earning capacity as a teacher would enable her to attain the standard of living she enjoyed during the marriage. See Priede v. Priede, 474 So.2d 296 (Fla. 2d DCA 1985); Carroll; Sever; Messer v. Messer, 342 So.2d 1076 (Fla. 2d DCA 1977); De Cenzo. Thus, permanent alimony commensurate with the living standards established by the husband, rather than rehabilitative alimony, is warranted.
Next, we consider the trial court's award of permanent alimony. Although a "trial court need not equalize the financial position of the parties ... a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be `shortchanged.'" Canakaris v. Canakaris, 382 So.2d 1197, 1204 (Fla. 1980). Here, the trial court conditioned Mrs. Halberg's liberal visitation rights on her continuing psychiatric and pharmacological treatment. Although the trial court ordered that Mr. Halberg continue to maintain major medical health insurance for Mrs. Halberg "for so long as such coverage is available to him," any portion of the costs which Mrs. Halberg may incur will place a financial strain on the trial court's award of $2,000 per month permanent alimony. Furthermore, the marked disparity in the parties' financial states leaves Mrs. Halberg shortchanged. Canakaris; see Kooser v. Kooser, 506 So.2d 81 (Fla. 1st DCA 1987) (where wife unable to meet her expenses because of large medical bills, and husband enjoys enormous financial success, wife must be restored to the standard of living she experienced during the marriage); Black v. Black, 490 So.2d 1334 (Fla. 4th DCA 1986) (dissolution award in excess of 40% justified where wife is seriously ill); Pepper v. Pepper, 388 So.2d 1342 (Fla. 3d DCA 1980) (trial court did not abuse discretion in fixing amount of permanent alimony at almost half of husband's net income and in requiring husband to continue to be responsible for expenses of wife's illness). Accordingly, we reverse the provision pertaining to permanent alimony and direct the court to award Mrs. Halberg an amount consistent with the parties' former standard of living.
Next, we address the trial court's distribution of marital assets. Mr. Halberg's award of $787,730 in marital assets is in sharp contrast with Mrs. Halberg's award of $250,000.[3] Although we recognize that equitable distribution principles do not require equal division of the marital assets, see Carroll; De Cenzo, equal apportionment "is a good starting point." Carroll, 471 So.2d at 1361. In the absence of any legal or practical reason for unequal and inequitable distribution, Wynn v. Wynn, 478 So.2d 380 (Fla. 5th DCA 1985), we find no basis for the court's disproportionate awards. We therefore reverse those portions of the trial court's order dealing with distribution of assets and remand with directions to apply the principles of equitable distribution established in Canakaris. See, e.g., Tronconi v. Tronconi, 466 So.2d 203 (Fla. 1985); Berger v. Berger, 464 So.2d 649 (Fla. 4th DCA 1985).
As to the parties' challenges to the attorney's fee awards, we find no basis for reversal. See Szemborski v. Szemborski, 512 So.2d 987 (Fla. 5th DCA 1987).
Appellant's remaining points lack merit.
Affirmed in part, reversed in part, and remanded.
NOTES
[1] The Final Judgment of Dissolution of Marriage incorporates the Final Judgment Determining Residential and Visitation Responsibility of Minor Children.
[2] In his cross-appeal, Mr. Halberg challenges that part of the final judgment which fails to provide for the termination of rehabilitative alimony upon Mrs. Halberg's remarriage. Our disposition of the provision pertaining to rehabilitative alimony disposes of the cross-appeal.
[3] We discern some confusion in the record as to the exact amount of Mrs. Halberg's award. The trial court's order awards Mrs. Halberg "$250,000 as equitable distribution ... together with the sum of $111,929 from the equity of the house." We note, however, that the schedule of assets includes the equity in the house as part of Mrs. Halberg's award. Neither brief illuminates this point. On remand, the trial court should clarify this matter.