BARKDULL, Judge.
Respondent/wife appeals a final judgment of dissolution.
Husband and wife were married for thirty years, and had five children. Since early in the marriage, the wife has suffered from a mental disorder which has required several hospitalizations. The last of which occurred after the wife seriously injured husband by attacking him with a knife, and resulted in the separation of the parties. The husband is highly educated, and had worked for twenty-two years at Eastern Airlines where he received an annual income of approximately $50,000. He was scheduled to retire in July, 1987 with a vested pension of $1,299 per month. The wife has only a high school education, and had no significant work experience during the marriage, although at the time of the final hearing she was working full-time at a menial position at Burdines, a department store in Miami.
The trial judge awarded the wife $150 a month as permanent alimony. The only other marital asset was the home of the parties, which was sold during the penden-cy of the proceeding. The trial judge ordered expenses incurred in preparing the home for sale to be deducted from the proceeds thereof and marital bills that had accumulated, to be paid, and the balance of approximately $65,000 to be divided between the parties. He also made certain *1253 rulings in reference to medical responsibilities and attorney fees. He made no specific finding as to the vested pension plan. The law current in Florida is that a vested pension plan is a marital asset. Pastore v. Pastore, 497 So.2d 635 (Fla.1986); Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986); Barry v. Barry, 511 So.2d 649 (Fla. 4th DCA 1987).
We find no merit in the points raised by the appellant in this appeal, except as relates to the vested pension. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980); Richards v. Richards, 477 So.2d 620 (Fla. 5th DCA 1985); Miller v. Miller, 466 So.2d 356 (Fla. 5th DCA 1985); McMullen v. McMullen, 185 So.2d 191 (Fla. 2d DCA 1966); Oncay v. Oncay, 183 So.2d 878 (Fla. 3d DCA 1966); Peteler v. Peteler, 145 So.2d 291 (Fla. 3d DCA 1962). We hold that the trial court erred in not addressing the vested pension plan, as this record fails to disclose any incapacity in the husband to pursue gainful employment. We therefore direct the trial court to enter an order either dividing the vested pension equally between the parties (which should then relieve the husband of the obligation of permanent alimony) or enter such other order as he may deem to be proper under the circumstances.
Therefore the final judgment here under review is affirmed in part and reversed in part with directions.
Affirmed in part, reversed in part, with directions.