528 So.2d 79 (1988)
Richard A. HOLTAN, Appellant,
v.
Priscilla J. HOLTAN, Appellee.
No. 87-2435.
District Court of Appeal of Florida, Second District.
July 6, 1988.
Joseph R. Park and Andrew J. Rodnite, Jr. of Park, Smith, Dayton and Bugg, P.A., Clearwater, for appellant.
Wayne O. Smith, St. Petersburg, for appellee.
FRANK, Judge.
The former husband has appealed from an order modifying the final judgment requiring him to pay permanent periodic alimony and to assume responsibility for all of the wife's future medical expenses.
Based upon the record before us we have concluded that the trial judge did not abuse his discretion in awarding the wife permanent periodic alimony. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). Nowhere does the record affirmatively support the contention that the recipient spouse is ultimately capable of supporting herself. Cf., Contogeorgos v. Contogeorgos, 482 So.2d 590 (Fla. 4th DCA 1986); Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983); Caldwell v. Caldwell, 383 So.2d 1115 (Fla. 3d DCA 1980). Unlike the husband, we are unable to glean from the facts before us a portrait of the wife as a capable, young, and potentially self-sufficient wage-earner.
The husband has correctly pointed out, however, that the following provision of the modification order cannot stand:
... the Respondent shall be responsible for payment of all medical bills currently pending and currently anticipated as a result of the impending surgery for the Petitioner. All future medical bills not covered by insurance and medical insurance premiums following said treatment shall be the responsibility of the Respondent.
We concluded in Angle v. Angle, 506 So.2d 16 (Fla. 2d DCA 1987), that a similar provision was too "open-ended" and subjected the husband to unlimited financial liability: See also Jones v. Jones, 493 So.2d 19 (Fla. 5th DCA 1986); Richards v. Richards, 477 So.2d 620 (Fla. 5th DCA 1985). As we directed in Angle, the trial court on remand may require the husband to maintain health insurance, including the payment of premiums and deductible amounts. Furthermore, the court should retain jurisdiction to review future requests by the wife to recover other reasonable and necessary medical expenses not covered by insurance.
In all other aspects the order under review is affirmed.
Affirmed in part; reversed in part; and remanded.
RYDER, A.C.J., and PARKER, J., concur.