553 So.2d 366 (1989)
Herbert Richard MARSH, Appellant,
v.
Tina MARSH, Appellee.
No. 88-2371.
District Court of Appeal of Florida, Fifth District.
December 7, 1989.
*367 Patrick M. Magill, Orlando, for appellant.
No appearance for appellee.
COWART, Judge.
This case involves the question of whether a divorced husband was required by the final judgment to make payments in the nature of support in an amount exceeding his ability to pay.
In his financial affidavit the husband, self employed, swore that he had a net average weekly income of $255. The trial court found that he earned or had the capacity to earn $320 net income per week. We have no problem accepting the trial court's finding of fact as to the earning ability and income imputed[1] to the husband of $320 per week which equates to $1,386.56 per month.
The final judgment ordered the husband to pay child support equal to $476.63 per month and make the payments on the automobile awarded the wife in the amount of $250 per month and to pay the mortgages, insurance, taxes and upkeep on the marital home (the exclusive occupancy of which was given the wife and children) which amounts to $290 per month on the first mortgage and $306 per month on the second mortgage for a total of $596 per month. The husband was also ordered to provide health insurance for the children and to pay 75% of all hospital, medical, dental and optical expenses not covered by the medical insurance without any dollar amount or limitation. The trial court did not set a monetary limit on the costs of the ordered health insurance[2] and did not make a finding as to a dollar amount of that obligation but the husband's attorney not unreasonably estimates the husband's insurance obligation to equal $200 per month.[3] This all means that while the trial court attributed a net monthly income of $1,386.56 to the husband, the trial court ordered monthly payments of about $1,522.63.
The problem may be the common one that, before dissolution of the marriage, by incurring debt, the family lived beyond its economic means and that, after the marriage is dissolved, to live separately and to maintain two households, will cost even more. A trial court cannot really solve this common and frustrating aspect *368 of domestic relations work[4] but neither can the trial court order an obligor to pay more than the court has found that obligor has the ability to pay. Therefore, those portions of the final judgment ordering payment, other than the child support,[5] are reversed and the cause is remanded for the court to reconsider and set the husband's payments in an amount consistent with his imputed net income of $320.00 per week, making due allowance for the husband to retain a sufficient amount of his income in order that he may live and work.
REVERSED and REMANDED.
DAUKSCH and SHARP, JJ., concur.
NOTES
[1] See e.g., § 61.30(2)(b), Fla. Stat.
[2] This is reversible error. See Szemborski v. Szemborski, 530 So.2d 361 (Fla. 5th DCA 1988); Jones v. Jones, 493 So.2d 19 (Fla. 5th DCA 1986); Richards v. Richards, 477 So.2d 620 (Fla. 5th DCA 1985); Miller v. Miller, 466 So.2d 356 (Fla. 5th DCA 1985); Van Metre v. Van Metre, 551 So.2d 593 (Fla. 2d DCA 1989); Perez v. Perez, 539 So.2d 1178 (Fla. 1st DCA 1989); Holtan v. Holtan, 528 So.2d 79 (Fla. 2d DCA 1988); Angle v. Angle, 506 So.2d 16 (Fla. 2d DCA 1987); rev. denied, 513 So.2d 1060 (Fla. 1987); Black v. Black, 490 So.2d 1334 (Fla. 4th DCA 1986); Jordan v. Jordan, 389 So.2d 1258 (Fla. 1st DCA 1980); Peteler v. Peteler, 145 So.2d 291 (Fla. 3d DCA 1962). Contra, Brandenburg v. Brandenburg, 550 So.2d 565 (Fla. 4th DCA 1989); Thompson v. Thompson, 325 So.2d 480 (Fla. 4th DCA 1975).
[3] Certainly in this day and time everyone should be covered by health insurance but everyone cannot yet afford it.
[4] See e.g., Pirino v. Pirino, 549 So.2d 219 (Fla. 5th DCA 1989).
[5] The $476.63 monthly allowance for support for two children is about right as it constitutes 34.37% of the husband's net attributed income of $1,386.56. See e.g., § 61.30(6), Fla. Stat. However, this level and amount of child support contemplates a substantial portion (25-33%) to be for shelter. This means that $119.16-$158.88, (or an average of $139.02) of the monthly child support should go toward payment on the mortgages on the home that is sheltering them. The trial court attributed a monthly earning capacity of $493.96 to the wife. Any increase in the minimum wage should mean an increase in minimum attributed income. In any event, some substantial share (25-33% or $123.50-$164.65 or an average of $144.07) of the wife's earning ability should also go toward payment on the mortgages secured by the house she occupies. The husband will necessarily have to pay the full cost of his own housing in addition to a contribution toward the mortgages on the marital residence occupied by the wife and the two children. If $139.02 of the monthly child support plus $144.07 from the wife, or a total of $283.09, is applied to the monthly mortgage payments of $596.00, the balance of $312.91 will be much nearer the husband's ability to make a contribution toward the mortgage payments on the marital residence.