570 So.2d 1030 (1990)
Stephen Sukil OH, Appellant,
v.
Michelle Heeduk OH, Appellee.
No. 89-2178.
District Court of Appeal of Florida, Fifth District.
November 15, 1990.
Rehearing Denied December 17, 1990.
Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellant.
Henry P. Duffett of Duffett, Seps and Akers, Ormond Beach, for appellee.
GRIFFIN, Judge.
We find error only in the alimony award covering the wife's medical expenses. The final judgment variously requires the husband to be responsible for the wife's "medical/hospital/health care/drug bills not covered by insurance" and "all of the wife's reasonable medical, surgical, hospital, health care and prescription drug bills" not covered by the comprehensive medical/hospital insurance plan the husband was required to provide. This court has consistently held an order requiring such a payment of medical expenses must specify a dollar amount or total financial exposure in order to limit the liability of the paying spouse in relation to his or her ability to provide this item of support. Marsh v. Marsh, 553 So.2d 366 (Fla. 5th DCA 1989); Jones v. Jones, 493 So.2d 19 (Fla. 5th DCA 1986); Richards v. Richards, 477 So.2d 620 (Fla. 5th DCA 1985); Miller v. Miller, 466 So.2d 356 (Fla. 5th DCA 1985). Simply limiting the liability to "reasonable" medical bills, as approved in Brandenburg v. Brandenburg, 550 So.2d 565 (Fla. 4th DCA 1989), does not adequately treat this issue. Accordingly, the medical expenses provision of the final judgment is reversed and remanded to the trial court for reconsideration.
AFFIRMED in part; REVERSED in part; REMANDED.
W. SHARP and PETERSON, JJ., concur.