623 So.2d 1216 (1993)
Rick ARMSTRONG, Appellant,
v.
Faye ARMSTRONG, Appellee.
Nos. 92-1102, 92-2477.
District Court of Appeal of Florida, Fourth District.
September 8, 1993.
*1217 Jennifer S. Carroll, Metzger, Sonneborn & Rutter, P.A., West Palm Beach, for appellant.
Douglas A. Willis, Palm Beach Gardens, for appellee.
PER CURIAM.
The former husband timely appeals from a final judgment of dissolution of marriage, an order denying his motion for rehearing and an order awarding the former wife attorney's fees. Appellant raises four main points on appeal, all of which have merit.
Appellant first contends that the trial court erred when it ignored the parties' pretrial stipulation as to their relative incomes and imputed to the husband an income of $2,000 per month. Appellant is correct. We hold that the stipulation is binding upon the parties and the court. See Rhoden v. Rhoden, 538 So.2d 1274, 1275 (Fla. 1st DCA 1988); Dorson v. Dorson, 393 So.2d 632 (Fla. 4th DCA 1981) (a stipulation properly entered into and which relates to a matter properly the subject of a stipulation binds the parties and the court).[1] In any event, the record before us does not support the court's imputation of this income to appellant.[2] Accordingly, we hold that the trial court abused its discretion when it imputed additional income to appellant.
Appellant next argues that the trial court abused its discretion when it awarded appellee $600 per month for child support, because the trial court did so after it erroneously imputed to appellant $2,000 income per month. We agree. The parties' pretrial stipulation shows that they were in agreement with regard to their respective incomes, but disagreed as to the appropriate child support amount that each would pay. A child support determination is within the sound discretion of the trial court, subject to the statutory guidelines and the reasonableness test. Section 61.30(1)(a), Fla. Stat. (1989); Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla. 1980); Scapin, 547 So.2d at 1012. Given the binding nature of the parties' pretrial stipulation, the trial court can apply the child support guidelines to appellant's (gross = $1033/mo.; net = $916/mo.) and appellee's (gross = $1400/mo.; net = $1120/mo.) stipulated income figures. We hold that the trial court abused its discretion when it ignored the parties' stipulation as to their respective incomes and calculated the child support award based on an income that was improperly imputed to appellant. We therefore remand for correction of the child support award to comport with the child support guidelines, unless the trial court can provide legally supportable reasons for deviating from the guidelines. Section 61.30(1)(a); see also Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992).
Appellant also claims that the trial court abused its discretion when it awarded *1218 appellee attorney's fees. We agree and reverse. The principal criterion for an award of attorney's fees in a marital case is the relative financial resources of the parties. See Stowe v. Stowe, 502 So.2d 37 (Fla. 4th DCA 1987). There is no evidence in this record of a need for attorney's fees on appellee's part and appellant's corresponding ability to pay these fees. On the contrary, the record shows relatively equal financial circumstances. Appellee argues that the award was proper in light of appellant's refusal to continue making half the mortgage payment on the parties' marital home, which caused her to have to return to court. However, we cannot ignore that appellee took the marital home off the market in violation of an agreed order, which forced appellant against his will to continue to incur the unwanted monthly expense of half the mortgage. When appellant ceased contributing half the mortgage on his attorney's advice, appellee continued to litigate the issue with motions for contempt for appellant's failure to make those payments. Not surprisingly, she incurred more attorney's fees.[3] A non-complying spouse's contempt may be taken into account when the court determines an attorney's fee award, but that does not remove the trial court's responsibility to consider need and ability to pay. See Foster v. Foster, 528 So.2d 1295 (Fla. 1st DCA 1988). Moreover, given the inconsistent rulings on appellee's motions on the issue of mortgage payments, it is not clear from this record that appellant was in fact in contempt for failure to continue contributing to the mortgage, as he was not the party to violate the agreed order duly entered, which directed the parties (appellee specifically) to take immediate steps to sell the marital home.
Furthermore, under the stipulated income of the parties, the attorney's fee award is unsupportable. See Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990) (without a showing in the record that the spouse ordered to pay all of the other spouse's attorney's fees is more capable of doing so than the recipient spouse, such an award constitutes an abuse of discretion); Cummings v. Cummings, 330 So.2d 134 (Fla. 1976) (it is an abuse of discretion to require husband to pay wife's attorney's fees where both parties have same ability to secure competent legal counsel); Canakaris. We therefore reverse that award.
We also agree with appellant's contention that the trial court's distribution of the parties' assets and liabilities require a reversal and remand for reconsideration. First, there is no justification in the record for the trial court's award to appellee of appellant's interest in the marital home. The record shows only that the parties stipulated pretrial that the equity in the home was approximately $23,000. With that figure, appellant's share would amount to $11,500. We conclude that the trial court's finding that the equity in the home amounted to $16,000, and that appellant's half interest ($8,000) was equal to the approximate amount of the mortgage arrearages, is unsupported in the record. Further, under the facts of this case, it was an abuse of discretion to award the marital home solely to one party as lump sum alimony.
There were other assets about which the trial court learned during final hearing, but did not valuate or distribute; we thus remand for the court to provide valuations for these items and distribute same. See Strickland v. Strickland, 567 So.2d 525 (Fla. 2d DCA 1990) (where judgment is silent as to certain assets that were discussed at trial, cause must be remanded for further proceedings and entry of a new order that addresses distribution of all the assets). At bar, that would include household furnishings and other items not referred to in the adjudicatory section of the final judgment, such as the automobiles. The trial court provided no valuations for many items and omitted them *1219 entirely from the final judgment. Before the court makes a distribution of marital assets and liabilities, the court must first determine which assets and liabilities are marital and which are nonmarital. See Walsh v. Walsh, 600 So.2d 1222 (Fla. 1st DCA 1992); § 61.075, Fla. Stat. (1989). Without any indication regarding what valuation the trial court placed on the distributed property, an appellate court cannot properly determine whether the trial court abused its discretion in the manner that it distributed the property. Id. at 1223 (citation omitted). Thus, we reverse the trial court's entire distribution scheme for redistribution consistent with this opinion. On remand, the trial court is also directed to clarify the inconsistencies which abound in the final judgment before us, including, but not limited to, whether appellant should or should not make payments on the VISA account directly, and to determine whether payment of the children's and appellee's past medical bills would constitute a double payment.
Finally, appellant argues that the trial court erred when it ordered him to pay all of the children's future medical bills, because his current earnings are less than appellee's. Our review of the final judgment, however, indicates that the trial court ordered the husband to pay one-half of all future medical bills for the parties' minor children. Nevertheless, whether the trial court orders appellant to pay one-half of past incurred medical expenses or all future incurred medical expenses, the court must limit the award to those expenses which are "reasonable and necessary." See Brandenburg v. Brandenburg, 550 So.2d 565 (Fla. 4th DCA 1989) ("The term `reasonable and necessary' and the retention of jurisdiction by the trial court provides an adequate limitation of those expenses and a forum for relief for either of the parties should the circumstances require." Id. at 566);[4]Kuharsky v. Kuharsky, 582 So.2d 78 (Fla. 4th DCA 1991); Black v. Black, 490 So.2d 1334 (Fla. 4th DCA 1986). This award is reversed and remanded with directions to the trial court to determine whether the past expenditures appellee claims were reasonable and necessary, to place appropriate words of limitation in the final judgment as to future medical expenses and reserve jurisdiction as to same. Brandenburg.
Accordingly, with the exception of the dissolution of the marriage, the final judgment is reversed in all respects and remanded for proceedings consistent with this opinion.
ANSTEAD, POLEN and FARMER, JJ., concur.
NOTES
[1] We note that neither party at any time moved to set aside that stipulation on any grounds.
[2] Appellant also indicates that the trial court did not even consider the appropriate factors to impute income to an alleged voluntarily underemployed individual, i.e., employment potential and probable earning level based upon his recent work history, occupational qualifications and prevailing levels in the community for a person with similar skills. See § 61.30(2)(b), Fla. Stat. (1989); Scapin v. Scapin, 547 So.2d 1012 (Fla. 1st DCA 1989). We agree with appellant that contrary to what appellee's brief represents, there is no evidence in this record that appellant had any extra jobs on the side to make up a $280 difference between the gross income monthly figure stated in appellant's financial affidavit, which was stamped in the clerk's office on February 1, 1990, and the imputed figure. Notably, the parties' pretrial stipulation, filed after the financial affidavit and binding upon the parties, reflected a reduction in appellant's income that occurred when he relocated to California.
[3] We note that after one of the appellee's numerous motions, which she filed on or about August 31, 1990, the trial court entered an order on November 13, 1990, denying the August motion for contempt because appellee had violated the agreed order to put the marital home on the market. The trial court's denial of appellee's order was premised on its finding that appellee had come to the court with "unclean hands." Yet, the same court, on July 1, 1991, without any changes in the underlying facts, inexplicably entered an order that adjudicated appellant in willful contempt of a July 23, 1990, order directing appellant to pay mortgage arrearages.
[4] We acknowledge conflict with cases from other district courts of appeal which hold that awards for future medical expenses should not be worded "all future," etc.; those courts have reasoned that type of provision is too open-ended and would subject the paying spouse to unlimited financial liability. See e.g., Holtan v. Holtan, 528 So.2d 79 (Fla. 2d DCA 1988), Angle v. Angle, 506 So.2d 16 (Fla. 2d DCA 1987), and Jones v. Jones, 493 So.2d 19 (Fla. 5th DCA 1986). In Brandenburg, we also noted conflict with Miller v. Miller, 466 So.2d 356 (Fla. 5th DCA 1985); Richards v. Richards, 477 So.2d 620 (Fla. 5th DCA 1985); Jones v. Jones, 493 So.2d 19 (Fla. 5th DCA 1986).