PER CURIAM.
Suzanne Bernstein appeals from a final order awarding her a portion of her attorney’s fees. The trial court ordered Zelman Bernstein to pay fifty per cent of the total amount awarded Mrs. Bernstein as reasonable attorney’s fees.
The final judgment of dissolution contained the following reservation of jurisdiction for determination of attorney’s fees:
The court finds that the husband has the ability to pay and the wife has the need for payment of a portion of the wife’s attorney’s fees and costs in connection with this action. The Court reserves jurisdiction for the determination of the wife’s reasonable attorney’s fees and costs and the amount which the husband will be required to pay. The division of the assets of the parties shall be taken into consideration in the ultimate award of attorney’s fees to the wife, [emphasis supplied].
A successor trial judge heard appellant’s motion for attorney’s fees. However, he refused to consider the parties’ financial affidavits in determining the portion of fees the husband would be required to pay. It appears the trial court awarded the wife only fifty percent of her attorney’s fees based on the testimony of the husband’s expert witness that the marital property had been divided 50/50 between the parties.
The trial court should have considered the financial circumstances of the parties when it determined the husband’s liability for the wife’s attorney’s fees. Stowe v. Stowe, 502 So.2d 37 (Fla. 4th DCA 1987); Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982). However, the trial court by its own admission determined the wife’s entitlement to attorney’s fees without any analysis of the wife’s need and the husband’s ability to pay. While the division of assets was material and relevant in making this determination, it was not controlling and the court’s failure to consider the financial circumstances of the parties constituted error. “[I]t is incumbent upon the trial court to determine the amount of a reasonable attorney’s fee using well-established criteria and thereafter, based upon the evidence and applicable law, to determine how much of that fee the other spouse should be required to pay.” Barbarite v. Barbarite, 464 So.2d 618, 618 (Fla. 4th DCA 1985).
Accordingly, we reverse and remand this matter to the trial court to consider fully the financial resources of both parties and to award attorney’s fees to the wife in an amount consistent with this opinion and the case authority cited herein.
REVERSED and REMANDED.
ANSTEAD and DELL, JJ., and WARNER, MARTHA C., Associate Judge, concur.