PER CURIAM.
This appeal arises out of an action to modify child support. Appellant sought to increase child support for the parties’ two minor children from a total of $400 per month to $2,916.67. During appellee’s opening statement, his counsel said:
Dr. Rigg is a plastic surgeon, practices in Texas. He went bankrupt in approximately 1980, and he has done well since that time. He draws a salary of $7,000 per month. He is the sole owner of his business and he employs several people, including his present wife. Both these parties are remarried.
[[Image here]]
I believe that the children should be supported, nonetheless, because my client has a statutory duty to provide support, and with some efforts and discussion, my client has been sending $400 per month per child for the past two months.
Appellant did not present any evidence pertaining to appellee’s ability to pay increased child support. She did present evidence concerning the children’s increased need for support. The trial court modified appellee’s obligation for child support from a total of $400 per month to a total of $800 per month.
Appellant contends that the trial court erred when it awarded only $800 per month because appellee admitted that he drew a salary of $7,000 per month and thereby established his ability to pay child support commensurate with the amount claimed.[1] Appellant argued in the trial court and contends on appeal that appel-lee’s opening statement regarding his income constituted an admission sufficient to establish appellee’s ability to pay and that the trial court erred by accepting only the admission regarding his payment of $800 per month for the two months preceding the hearing.
*496 The trial court’s sole basis for the award of $800 per month is shown in the final judgment:
[Ojnly the Former Wife testified at the hearing and that there was no evidence adduced as to the Former Husband’s income. The only evidence concerning the Husband’s ability to pay (the husband is a doctor) was that he had paid $800.00 per month as child support during the past two months.
We hold that appellee’s voluntary increase of child support for a period of two months did not furnish a sufficient evidentiary basis to support the trial court’s award. We also note that neither counsel for appellant nor counsel for appel-lee offered evidence which would establish appellee’s ability to pay. The burden of proof to establish a change in circumstances sufficient to justify a modification of child support rests on the movant and requires a showing of an increased need for support and the ability of the party moved against to pay. Shellmyer v. Shellmyer, 418 So.2d 477 (Fla. 4th DCA 1982); Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA 1981). Appellee’s admission that he drew $7,000 per month, standing alone, does not establish ability to pay. Neither does appellee’s admission that he paid $800 per month child support for two months preceding the hearing. It seems obvious from this record that the trial court determined that the children had an increased need and equally obvious that counsel for both parties failed to furnish the court with an adequate basis for the amount awarded in this modification proceeding. Therefore, we reverse the trial court’s order on modification.
The trial court conducted a separate hearing on appellant’s motion for attorney’s fees. Appellant presented evidence that established appellee’s ability and her claim for fees. Appellant claims the trial court erred when it determined that it could not award an attorney’s fee in excess of the billing rate agreed to between appellant and her counsel. We agree. See Ronlee, Inc. v. Arvida Corp., 515 So.2d 372 (Fla. 4th DCA 1987) and Alston v. Sundeck Products, Inc., 498 So.2d 493 (Fla. 4th DCA 1986). Appellant also claims that the trial court erred when it failed to award the full amount of the time claimed for telephone calls related to the processing of this case. We find no abuse of discretion by the trial court in its determination of the reasonable and necessary time required to represent appellant in this matter. However, because the trial court mistakenly believed that its award was limited to the billing rate agreed to between appellant and her counsel, we remand this case with directions for the trial court to make a proper determination of a reasonable hourly rate for appellant’s attorney’s services and to award a fee in accord with Florida Patient’s Compensation Fund v. Rowe, 472 So.2d 1145 (Fla.1985).
We find no merit in appellee’s crossclaim that the trial court failed to reserve jurisdiction to award attorney’s fees. The record and the final judgment show an express reservation of jurisdiction to award attorney’s fees to appellant. Accordingly, we reverse and remand this cause for further proceedings not. inconsistent herewith.
REVERSED and REMANDED.
DOWNEY, DELL and GUNTHER, JJ., concur.

. Appellant also claimed the sum of $69,805.05 for expenditures made on behalf of the children during the time they had been in her custody. The trial court awarded appellant the sum of $19,600 as back child support.