ARTHUR I. SNYDER, Associate Judge.
Appellant/former wife, appeals from an order modifying a final judgment in which she was to provide primary physical residence for their minor son Jeffrey, and that appellee/former husband would provide primary physical residence for their minor son Dustin. In addition, the final judgment provided that each parent would be responsible for the full support of the child residing with them. The order further stated that each party was to be responsible for their own attorney’s fees and costs. Appel-lee cross appeals that portion of the final judgment which states that appellant is to provide primary physical residence for Jeffrey.
On the cross appeal, we find no evidence of abuse of discretion by the trial court and therefore affirm this portion of the final judgment.
With regard to child support, the record reflects that appellant satisfied her burden of proof and demonstrated that she had a need for support and appellee had the ability to pay. See Douglass v. Rigg, 525 So.2d 494 (Fla. 4th DCA 1988); Shellmyer v. Shellmyer, 418 So.2d 477 (Fla. 4th DCA 1982). The trial court therefore abused its discretion in failing to award child support. Appellee’s income in 1987 was more than three times greater than the meagre $16,000 that appellant earned. Appellee therefore should make some contribution toward Jeffrey’s support in an amount to be set by the trial court upon remand.
Lastly, on the issue of attorney’s fees and costs, such an award depends upon the relative financial circumstances of each party. See Mandy v. Williams, 492 So.2d 759 (Fla. 4th DCA 1986). The record demonstrates that appellant’s financial position is substantially inferior to appellee’s financial position. Under these circumstances, a trial court’s failure to award attorney’s fees and costs constitutes an abuse of discretion. Barry v. Barry, 511 So.2d 649 (Fla. 4th DCA 1987), rev. denied, 523 So.2d 576 (Fla.1988); Stowe v. Stowe, 502 So.2d 37 (Fla. 4th DCA), rev. denied, 511 So.2d 1000 (Fla.1987).
AFFIRM IN PART; REVERSE IN PART; REMAND.
LETTS and GLICKSTEIN, JJ., concur.