DELL, Judge.
Angeline Bachman appeals from a non-final order denying her motion for temporary suit money and attorney’s fees. She claims that the trial court erred in not awarding her attorney’s fees because her financial position is substantially inferior to appellee’s; that the trial court denied her motion without making a proper determination regarding the financial positions of both parties; and that the record does not support the trial court’s finding of fact regarding fees paid to her attorney. We agree and reverse.
The record shows that in April, 1989, the trial court heard testimony from appellant’s expert witnesses regarding appel-lee’s ability to pay and the reasonableness of the attorney’s fees requested by appellant. However, due to time constraints, the court did not complete the hearing. In September, 1989, the trial court resumed the hearing on appellant’s motion for attor *20 ney s fees, but heard no testimony from either appellant or appellee regarding their financial circumstances, stating that time constraints again precluded the completion of the hearing. Nevertheless, based on a proffer by each of the parties, the court entered an order denying appellant’s motion for temporary suit money and attorney's fees. It is well settled that a trial court must consider fully the financial circumstances of both parties before making a determination as to attorney’s fees and costs. See Bernstein v. Bernstein, 524 So.2d 472 (Fla. 4th DCA 1988). Here, we find that the trial court did not conduct a hearing sufficient to make such a determination.
The record does not support the trial court’s conclusion that “neither party has the ability to pay additional fees and costs at the present time without further jeopardizing their fragile and precarious financial status.” The record of the initial hearing shows that appellee’s personal income for the years 1986 through 1988 averaged in excess of $90,000, and for that part of the year 1989 for which records were available, his income was in excess of $50,-000. Appellee-also had a substantial part of his personal expenses paid by his companies. He apparently has also maintained the lavish lifestyle that the parties enjoyed during at least the latter part of their twenty-two year marriage. See Seitz v. Seitz, 471 So.2d 612 (Fla. 3d DCA 1985). On the other hand, appellant earned $5.00 per hour and had no other sources of income available to her other than the support furnished by appellee. Where a party’s financial position is substantially inferior in a dissolution proceeding, a trial court’s failure to award attorney’s fees and costs constitutes an abuse of discretion. Davis v. Davis, 547 So.2d 309 (Fla. 4th DCA 1989).
We also find no support for the trial court’s finding that appellant’s attorney had been compensated. The court apparently did not consider that appellant’s attorney had paid for expert witnesses and reporting services and, of the alleged $7,500.00 he had received from appellee, he was left with approximately $400.00 for his fees. Without establishing, with some degree of certainty, the amount of fees retained by appellant’s attorney after the payment of costs, we question how the court would be able to determine a reasonable attorney’s fee award. As we stated in Barbante v. Barbante, 464 So.2d 618 (Fla. 4th DCA 1985):
[I]t is incumbent upon that trial court to determine the amount of a reasonable attorneys’ fee using well-established criteria and thereafter, based upon the evidence and applicable law, to determine how much of that fee the other spouse should be required to pay.
Id. at 618.
Accordingly, we reverse the trial court’s order denying appellant’s motion for temporary suit money and attorney’s fees. We remand this cause to the trial court with instructions to conduct such further hearings as may be necessary to consider fully the financial resources of both parties and to award appellant a reasonable sum for temporary suit money and attorney’s fees. See Davis v. Davis, 547 So.2d 309 (Fla. 4th DCA 1989) and Bernstein v. Bernstein, 524 So.2d 472 (Fla. 4th DCA 1988). See also § 61.16, Fla.Stat. (1989); Nichols v. Nichols, 519 So.2d 620 (Fla.1988).
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.