PER CURIAM.
The husband appeals and the wife cross-appeals the trial court’s second amendment to the final judgment of dissolution of marriage entered after remand from this court. We agree with the wife that the trial court erred in reimbursing her for only half of the husband’s attorney’s fees. As to the remaining issues, we affirm without comment.
In Hitchcock v. Hitchcock, 992 So.2d 436, 439 (Fla. 4th DCA 2008), we reversed and remanded for the trial court to equitably distribute the marital assets and “to reconsider its award of attorney’s fees and costs based on the parties’ relative financial circumstances regarding their need and ability to pay.” On remand, the trial court equitably distributed the assets. Because the distribution of assets no longer favored the wife, the trial court ordered the husband to reimburse the wife $50,957 for half of his attorney’s fees previously paid by the wife.
“A trial court has broad discretion in awarding attorney’s fees in a dissolution case.” Mondello v. Torres, 47 So.3d 389, 397 (Fla. 4th DCA 2010). “The standard for awarding attorney’s fees in dissolution cases is the financial need of the requesting party and the financial ability of the other party to pay.” Campbell v. Campbell, 46 So.3d 1221, 1222 (Fla. 4th DCA 2010). How marital assets have been divided is relevant in awarding attorney’s fees, but it is not controlling. Bernstein v. Bernstein, 524 So.2d 472, 473 (Fla. 4th DCA 1988).
In Garrett v. Garrett, 559 So.2d 613 (Fla. 3d DCA 1990), the appellate court reversed an award of attorney’s fees to the wife where the alimony award to the wife and the equitable distribution left the parties with substantially equal resources, and the wife’s portion was liquid enough so that she had the ability to pay for her own fees and costs. Like in Garrett, the record in this case does not support a finding that the husband has a need for his attorney’s fees to be paid. The equitable distribution left the parties with substantially equal resources, the husband’s income greatly exceeded the wife’s, and the husband received sufficient liquid assets such that he has the ability to pay for his own attorney’s fees. Cf. Adair v. Adair, 720 So.2d 316, 318 (Fla. 4th DCA 1998) (reversing the denial of attorney’s fees where although the court equally divided the marital assets of the parties, the husband had significantly more income than the wife).
In sum, we reverse and remand for the trial court to enter an order reimbursing the wife for the full amount of attorney’s *1185 fees previously awarded to the husband. We affirm as to all other issues.

Affirmed in part, reversed in part, and remanded.

GROSS, LEVINE, JJ„ and ROSENBERG, ROBIN L., Associate Judge, concur.