652 So.2d 488 (1995)
Clarence E. PAULEY, Appellant,
v.
Sandra Louise PAULEY, Appellee.
No. 94-0498.
District Court of Appeal of Florida, Fourth District.
March 29, 1995.
*489 William F. Gallese of Brennan, Hayskar, Jefferson, Gorman, Walker & Schwerer, P.A., Fort Pierce, for appellant.
John T. Chandler, Fort Pierce, for appellee.
PARIENTE, Judge.
The three issues presented by the husband in this dissolution action are the trial court's award of permanent periodic alimony; the trial court's requirement that the husband pay the wife's health insurance coverage without a limitation on the amount; and the trial court's requirement that the husband pay all premiums on the outstanding life insurance policies.
Considering the length of the marriage and the wife's health problems, we do not find the award of permanent periodic alimony to constitute an abuse of discretion. Although the amount of alimony, when considered in connection with the husband's other obligations, consumes a large percentage of the husband's current income, we do not find the amount violates the dictates of Pastore v. Pastore, 497 So.2d 635, 638 (Fla. 1986). Further, the wife has agreed to pay the premiums on the outstanding life insurance policies, thereby mooting this appellate issue.
Concerning the issue of health insurance coverage, the trial court ordered, as part of the wife's support, that the husband continue to cover the wife under his group health insurance plan through his employer. During the entire time the parties were separated, the husband had been paying for the wife's health insurance coverage, as well as coverage for the entire family, through his group health plan. The husband asserts that the trial court erred in not placing a monetary limitation on the amount of the coverage. However, this court has specifically held that there is no requirement that the trial court set a specific limit on the amount of coverage where the amount is easily ascertainable because the specific policy is already in existence. See Blythe v. Blythe, 592 So.2d 353 (Fla. 4th DCA 1992). The only limitation this court has placed on obligations to pay health coverage, where such coverage is already in existence, is the general limitation that the premiums be "reasonable." See Watford v. Watford, 605 So.2d 1313, 1315 (Fla. 4th DCA 1992).
This is not a case where there was no pre-existing health insurance coverage. Where there is no existing health insurance, the trial court must set some reasonable limitations and guidelines, such as the amount of the deductible and the extent of the coverage, because the requirement imposed is otherwise too open-ended. See, e.g., Guralnick v. Guralnick, 645 So.2d 1097 (Fla. 4th DCA 1994).
On remand, we direct that the judgment be amended in paragraph four to reflect the agreement of the parties that the wife shall be responsible for the premiums on the life insurance policies and that the judgment be further amended in paragraph seven to include the requirement that the amount of the premiums to be paid by the husband for the wife's coverage through his employment be reasonable.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
GUNTHER, J., concurs.
STONE, J., concurs in part and dissents in part with opinion.
STONE, Judge, concurring in part and dissenting in part.
I dissent as to the award of alimony. In my judgment, the trial court considered the needs of the wife but failed to fully consider the husband's ability to pay.
In all other respects, I fully concur in the majority opinion.