665 So.2d 346 (1995)
Robert G. MONAS, Appellant,
v.
Adrienne MONAS, Appellee.
No. 94-1443.
District Court of Appeal of Florida, Fourth District.
December 27, 1995.
William C. Porter, Coral Springs, for appellant.
Russell M. Thompson, Deerfield Beach, for appellee.
WARNER, Judge.
In this appeal from a final judgment of dissolution, the husband complains that the trial court erred in its equitable distribution of assets by penalizing the husband for "squandering" assets; that the court erred in distributing the proceeds of his professional association to the wife where the P.A. was not a party; that the imputation of income to him and subsequent award of alimony to the wife were an abuse of discretion; and that the trial court's requirement that he pay all medical bills of the children failed to provide a reasonable limitation. We reverse in part and affirm in part.
The parties were married for eleven years when the dissolution petition was filed. They have two children born of the marriage who live with the wife. The husband is a personal injury lawyer who practices by himself in his professional association. The P.A. was not a party to the suit. The husband's work habits were sporadic. He would receive a big fee and then not work for a while. He also liked to play poker, and the wife said it had become an obsession with him. The wife did *347 not know whether the husband lost or won money playing the game, although she believed that when he held frequent games at their home, he won considerable amounts.
What the marital assets are and what their worth is, is somewhat difficult to decipher because the trial court did not comply with section 61.075(3), Florida Statutes (1993), which requires the trial court to make written findings identifying all of the assets as marital or non-marital. However, the trial court awarded the wife the proceeds of the sale of the marital home and a lump sum distribution from a fee received by the P.A., to make up for assets that the trial court found the husband had "squandered" during the marriage. However, there was no evidence of intentional dissipation of these assets, consisting of a townhome, a boat, and some property in North Carolina. Each asset was sold during the marriage, and the wife merely testified that the assets "disappeared." In Gentile v. Gentile, 565 So.2d 820 (Fla. 4th DCA 1990), we noted that dissipation of assets which may justify an inequitable distribution of assets would consist of a situation where one spouse used marital assets for his or her own benefit and for a purpose unrelated to the marriage at a time when the marriage was undergoing an irreconcilable breakdown. Id. at 823. This concept was adopted in section 61.075 in 1993, when the Legislature added the following as a factor for the court to consider in distributing the assets of the marriage:
The intentional dissipation, waste, depletion, or destruction of marital assets after the filing of the petition or within 2 years prior to the filing of the petition.
§ 61.075(1)(i), Fla. Stat. (1993).
The evidence in this case does not support this factor. The assets which were disposed of were all sold much earlier on in the marriage and prior to a previous split and reconciliation between the parties. If the trial court was referring to the husband's gambling obsession, there was no testimony even from the wife that he continually lost significant money in this endeavor. In fact, the wife testified that the husband made $1,000 per week at games held in their home. Therefore, the trial court erred in awarding a greater share of the assets remaining because of the alleged "squandering" of assets during the marriage. On remand, the trial court should follow the dictates of section 61.075 in listing the marital (and non-marital) assets and liabilities in fashioning a new final judgment.
Because we are remanding for a reassessment of the equitable distribution, we also briefly address the issue of the husband's professional association. The evidence certainly suggests that the law firm, of which the husband is the sole stockholder, is a marital asset which may be valued for purposes of equitable distribution. While we agree with the appellant that the gross fees of the corporation are not its value, the trial court should determine the value of the corporation on remand. However, the trial court has authority to restrain the dissipation of marital assets pending the alimony award pending the equitable distribution of assets by the trial court. We find that the trial court did not err in enjoining the husband's dissipation of those fees through the law firm. See Sandstrom v. Sandstrom, 565 So.2d 914 (Fla. 4th DCA 1990). Moreover, the trial court may consider all assets and income available to the husband when determining whether to make a lump sum distribution to the wife.
We find no error in the imputation of income to the husband or the award of alimony to the wife. However, it was error for the trial court to order the husband to pay "all medical bills upon demand for the two minor children." Any order to pay medical expenses should be limited to those that are "reasonable and necessary." Pauley v. Pauley, 652 So.2d 488 (Fla. 4th DCA 1995); Armstrong v. Armstrong, 623 So.2d 1216 (Fla. 4th DCA 1993). On remand, this limitation should be included in any final judgment.
Affirmed in part; reversed in part, and remanded for further proceedings in accordance with this opinion.
GUNTHER, C.J., and POLEN, J., concur.