PER CURIAM.
A significant issue at this dissolution trial was the amount of the self-employed husband’s actual income. See Ugarte v. Ugarte, 608 So.2d 838, 840 (Fla. 3d DCA 1992); Seitz v. Seitz, 471 So.2d 612, 614 (Fla. 3d DCA 1985). Although there was some support in the record for the judge’s finding that the husband had $173,000 in annual income, we remand for the trial court to make specific factual findings as to the sources of the income and any adjustments to it that are germane to his ability to pay support. Bimonte v. Martin-Bimonte, 679 So.2d 18 (Fla. 4th DCA 1996); § 61.08(2)(g), Fla. Stat. (1995). Where the wage earner is not a W-2 employee, and there is a claim that income is concealed, specific factual findings on the sources and amounts of income permit meaningful appellate review and provide a polestar for any future motions for modification.
We also reverse the equitable distribution for the failure of the trial court to make the findings required by section 61.075(3), Florida Statutes (1995). Keaton v. Keaton, 634 So.2d 798, 799 (Fla. 4th DCA 1994). On remand, the trial court shall amend paragraphs 11 and 12 of the decretal portion of the final judgment to indicate that the husband’s obligation is to pay only “reasonable and necessary” health care expenses for the minor children. Monas v. Monas, 665 So.2d 346, 347 (Fla. 4th DCA 1995). We affirm the trial court’s visitation schedule, recognizing that, given the age of the children, the issue may be addressed in a motion for modification after remand.
POLEN, PARIENTE and GROSS, JJ., concur.