STONE, Judge.
We reverse the final judgment of dissolution and remand for modification of its provisions for equitable distribution and payment of future medical expense. In all other respects, we affirm.
The parties were married for eight years before separating. It was the husband’s first marriage and the wife’s fourth. The husband is 34 years old and the wife is 44. There are no children. Throughout the marriage the husband worked for his father’s automobile sales business, which he took over upon the father’s death. In 1991, the husband conveyed a joint interest in the business to the wife. The court properly found the business, Eastern Auto Sales, to be a *677 marital asset. They also jointly owned a home, a certificate of deposit, two IRA’s, a retirement account, a limo service, and various vehicles. All of these assets, totaling $715,000, were awarded to the wife, together with a $387,000 interest in the business, which a witness valued at $760,000. The court awarded the husband, as his sole distribution, the remaining $372,400 interest in the business. The husband claims the business is worthless. The court also awarded the wife $6,000 a month permanent alimony, attorney’s fees, and a special provision governing future medical expenses.
During the pendency of the divorce, Eastern Auto Sales went out of business and its license and bond were surrendered to the state. There is evidence that the husband now has some relationship with, or interest in, a car wholesale business operating at the same location. The principal basis for this conclusion is testimony that the new business has the old telephone number and that the husband has been seen on the premises and was observed locking up at night. He also told a witness that he was “technically” not there because he was going through a difficult divorce.
The husband was held in contempt several times and the trial court found, in its 54-page judgment, that the husband’s testimony concerning the business and its loss of sales was not worthy of belief. The court found that he had created a “paper swampland” and engaged in numerous acts of obfuscation to hide business assets. Although the husband claimed to be unemployed, the court imputed $250,000 per year income to him from the defunct corporation based on the wife’s accountant’s estimates.
Recognizing that the wife had health problems (the nature of which do not appear in our record), the court ordered the husband to replace a health insurance policy which he had allowed to lapse and, recognizing that a new policy would probably exclude preexisting maladies, ordered him to pay all reasonable medical expenses not covered by insurance for the rest of her life.
As to the award of alimony, attorney’s fees and costs, we find no abuse of discretion and affirm. As to the equitable distribution and medical payment provisions, we reverse.
We recognize that unequal distribution of marital assets may be justified to compensate for a spouse’s “intentional dissipation, waste, depletion or destruction of marital assets after filing of the petition.... ” § 61.075(l)(i), Fla.Stat. (1995); Lewis v. Lewis, 665 So.2d 322, 323 (Fla. 4th DCA 1995). Here, the court concluded that the husband dissipated the business and its inventory, concealed assets, misled the court, and obfuscated the facts concerning the business.
However, notwithstanding the foregoing, we find no support for the extent of stripping the husband’s interest in the business asset, which the court found to exist, where the court has awarded all other assets to the wife. Accepting the fact findings concerning the existing business as true, in spite of questionable record support, and assuming, as did the trial court, that the business is worth $760,000 and will support the husband’s permanent alimony and attorney’s fee obligation, the wife remains entitled to no more than a fair share of the assets in addition to her alimony. This is not to excuse the husband’s conduct, which the court has dealt with in awarding alimony based on imputed income, in awarding all tangible assets to the wife, and by finding that the husband has an interest in an existing business and placing a value on it. Other sanctions are also available to the court. There is no reason to further penalize the husband by stripping him of a proportionate share of their assets. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). He should, at a minimum, receive a pro-rata share by increasing his percentage of the business or any retained business assets (all of which were included in the assumed $760,000 value). See Murray v. Murray, 636 So.2d 536 (Fla. 1st DCA 1994); Bell v. Bell, 642 So.2d 1173 (Fla. 1st DCA 1994).
Regarding the open-ended provision for payment of medical expenses, we reverse so that the court, on remand, can amend to provide reasonable limitations on the husband’s potential obligation. E.g., Pauley v. Pauley, 652 So.2d 488 (Fla. 4th DCA 1995). *678 We note that there is no indication that the wife’s health condition was caused in any way by the husband. Cf. Poe v. Poe, 522 So.2d 50 (Fla. 5th DCA 1988); Schiffhauer v. Schiffhauer, 485 So.2d 838 (Fla. 1st DCA 1986).
REVERSED IN PART and REMANDED.
DELL, J., concurs.
SHAHOOD, J., concurs in part and dissents in part with opinion.