718 So.2d 369 (1998)
Jaynee ADINOLFE, Appellant,
v.
John ADINOLFE, Appellee.
No. 97-3329.
District Court of Appeal of Florida, Fourth District.
October 7, 1998.
Michael David McDonough, Wellington, for appellant.
Sharon P. Talbot of Sharon P. Talbot, P.A., Palm Beach, for appellee.
FRUSCIANTE, JOHN A., Associate Judge.
The Appellant seeks to have this court find error in a number of decisions made by the trial court and to reverse accordingly. The trial judge made the relevant decisions in a family law case in which he also entered a detailed twenty-page Final Judgement of Dissolution of Marriage. We affirm the lower court on all points presented, but single out two matters for special comment.
First of all, in reference to the trial judge's refusal to recuse himself and the wife's supporting affidavit requesting such recusal, Appellant argues that the Appellee failed to mention any case which holds that such an affidavit of recusal must include a transcript or other record of the trial judge's actions. While it is true that we have not made a transcript or other record mandatory under such circumstances, we have clearly expressed our desire for a record when circumstances fail to deliver the context in which a trial judge's comments were made. See Pressey v. State, 710 So.2d 688 (Fla. 4th DCA 1998). There still exist those situations that may require recusal simply based upon the factual scenario presented and the judge's comments stated. See Torres v. State, 697 So.2d 175 (Fla. 4th DCA), rev. denied, 703 So.2d 477 (Fla.1997); Gonzalez v. Goldstein, 633 So.2d 1183 (Fla. 4th DCA 1994). We are unwilling, however, to condemn a judge's comments and require recusal when the context of those comments may very well lead to a different conclusion. *370 "Without a transcript or sworn factual allegations concerning the context in which the trial judge's alleged comments arose, ... the allegations in [the] motions to disqualify [did not] set forth a legally sufficient ground for recusal." Ellis v. Henning, 678 So.2d 825, 827 (Fla. 4th DCA 1996), rev. denied, 699 So.2d 1373 (Fla.1997). Having no such transcript here, we accordingly affirm the trial judge's ruling.
The second matter refers to the trial judge's mistaken belief that a nine-year marriage was of such short duration that it would not entitle the wife to permanent periodic alimony. Although not cited by either party, Echols v. Elswick, 638 So.2d 581 (Fla. 1st DCA 1994), correctly stated that, although duration of marriage is a proper consideration in determining whether to award alimony, six years was not such a short period as to necessarily deny permanent alimony. Likewise, this court finds that nine years is not such a short period as to deny this wife permanent periodic alimony as a matter of law. In fact, it is just such a scenario as is presented in this case that would overcome the ordinarily accepted presumption that there is no permanent alimony in a short-term marriage.
While this court will not go so far as to state nine years is a short-term marriage (it may very well be in the "gray area," Young v. Young, 677 So.2d 1301 (Fla. 5th DCA 1996)), it will state that the facts presented could allow permanent alimony even if this was a short-term marriage. In the case before this court, the wife apparently married while in a relatively healthy state and then suffered from rheumatoid arthritis, diabetes and kidney disease. She also requires costly eye surgery every six months and has 82% permanent partial impairment and may never be able to work again. Were the trial court to stop its analysis regarding permanent alimony with the duration of the marriage issue, this court would be compelled to reverse. However, the trial court proceeded further as if the duration of the marriage was not a limiting factor finding, among other things, that a worker's compensation claim award placed her in a better financial position than the husband. Credibility apparently played a major role, and "[t]he credibility of the witnesses is within the trial court's exclusive purview." Maliski v. Maliski, 664 So.2d 341, 343 (Fla. 5th DCA 1995). The trial court also distributed the marital assets and the marital debt decidedly in the wife's favor despite the worker's compensation award and the husband's inability to pay alimony.
Accordingly, we affirm the trial court on these issues, as well as on all the remaining issues.
POLEN and TAYLOR, JJ., concur.