GROSS, J.
The result in this divorce case largely turned on the credibility of the parties, which was the exclusive province of the trial judge. See, e.g., Adinolfe v. Adinolfe, 718 So.2d 369, 370 (Fla. 4th DCA 1998). One significant finding of the trial court was that both parties were willing “to lie whenever they felt it was in their best interest.” There is much support in the record for the judge’s conclusion. For example, the husband provided a financial statement to his bank in January 1999, that was significantly different from the financial affidavit he submitted to the court the same month.
We affirm the final judgment in all respects but two.
First, the trial court failed to equitably distribute two credit card debts in the name of the wife — $5,784 and $2,690.
Second, the final judgment requires the husband to maintain a life insurance policy for $1,000,000 naming the minor children as irrevocable beneficiaries “[a]s long as the father has an obligation to pay child support.” The husband’s monthly child support figure is $2,460. The minor children are nine and sixteen years old. The amount of insurance required to be maintained to protect against the loss of child support should be reduced to reflect the amount of child support due, “which appears to be substantially less than the $1,000,000.00” required by the judgment. Hedendal v. Hedendal, 695 So.2d 391, 392 (Fla. 4th DCA 1997).
The court determined that the husband should pay a portion of the wife’s attorney’s fees and costs. We do not pass on the propriety of that ruling since it is a fact-based decision better developed in the final judgment awarding attorney’s fees, which is not a part of this appeal.
Affirmed in part, reversed in part, and remanded.
STONE and HAZOURI, JJ., concur.