821 So.2d 333 (2002)
Michelle REEVES, Appellant,
v.
Carey REEVES, Appellee.
No. 5D01-194.
District Court of Appeal of Florida, Fifth District.
June 7, 2002.
Rehearing Denied July 15, 2002.
Roger B. Butcher and Gus R. Benitez of Benitez & Butcher, P.A., Orlando, for Appellant.
*334 Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for Appellee.
PALMER, J.
In this dissolution of marriage proceeding, Michelle Reeves (wife) appeals the trial court's denial of her request for permanent alimony, refusal to depart upward from the presumptive child support guidelines, limitation on Carey Reeves' (husband) required contribution toward their child's uncovered medical expenses, and failure to specify whether the husband's payment of certain marital debts was in the nature of child support. We reverse the trial court's denial of permanent alimony because, even though this case involves a short term marriage, the wife is entitled to receive permanent alimony in light of the reduction in her income potential resulting from her obligation to care for the couple's handicapped child. We also reverse the child support award to the extent that it improperly limits the husband's obligation to contribute toward the child's uncovered medical expenses. In all other respects, the decision of the trial court is affirmed.
This case involves a short term marriage of four and one-half years but one which produced a child who is severely disabled and as a result requires constant care, treatment, and therapy. At the time of the dissolution, the wife was 32 years old and the husband was 34 years old. The husband earns in excess of $50,000.00 per year. The wife had earned approximately $27,000 per year as a teacher; however, when their child was born with severe disabilities, the parties agreed that the wife would leave her teaching career in order to care for the child. The wife subsequently became a real estate appraiser, because of the flexibility of hours, and was shown to have the ability of earning approximately $10,000.00 per year in that position. In issuing its final dissolution judgment, the trial court found that the wife was not voluntarily underemployed, but denied her request for permanent alimony. The trial court also specifically found, by clear and convincing evidence, that grounds to depart above the child support guidelines existed in this case because the child has special needs and expenses which are not considered as part of the presumptive guideline support amounts. However, the only upward departure ordered (beyond the trial court's 5% discretionary upward increase[1]) was an increase of $164.00 per month. This calculation was based upon the evidence that the husband earns 82% of the parties' combined income and the child incurs $200.00 per month in unreimbursed medical, dental, and prescription expenses.
The wife first argues that the trial court abused its discretion in denying her claim for permanent alimony. We agree. The trial court appears to have based its denial of alimony on the erroneous conclusion that the wife is earning as much as she has ever earned in her employment career when in fact, the undisputed evidence of record shows that she previously earned approximately $27,000.00 per year in her position as a teacher but is now only capable of earning $10,000.00 per year working as a real estate appraiser.
Since this is a short term marriage, a presumption against awarding permanent alimony arises, but that presumption is rebuttable. See Hill v. Hooten, 776 So.2d 1004 (Fla. 5th DCA 2001). Permanent alimony can be awarded in cases involving a short term marriage where events which occurred during the marriage preclude a spouse from earning as much as *335 he or she did prior to the marriage. See Adinolfe v. Adinolfe, 718 So.2d 369 (Fla. 4th DCA 1998)(holding that permanent periodic alimony is available in a short-term marriage where wife married while she was in a healthy state but became permanently disabled during the course of the marriage). Such is the case here in that the parties had agreed during the course of their marriage that the wife would discontinue her career as a teacher in order to provide care for the parties' handicapped child. Since the wife has been required to provide such care to the child, her ability to earn as much as she did working as a teacher has been impaired. As such, the wife is entitled to receive permanent, periodic alimony. If a substantial change of circumstance occurs in the future, a modification action can be filed.
The wife next contends that the trial court abused its discretion in failing to depart upward from the presumptive child support guidelines, even after finding clear and convincing evidence to do so, and in limiting the husband's contribution toward the child's uncovered medical expenses. We disagree as to the issue of upward departure, because the trial court apparently found that the additional expense justifying an upward departure was limited to the amount of the child's uncovered medical expenses, $200.00 per month. However, we agree that the trial court erred in capping the husband's responsibility for uncovered medical expenses at the $164.00 per month amount. If the child's uncovered medical expenses exceed that amount, the husband should be held responsible for paying his proportional share of such expenses. Accordingly, upon remand, the trial court must enter an order directing the husband to be responsible for paying 82% of all reasonable and necessary uncovered medical bills incurred by the child beyond the $200.00 per month already covered in the child support award. See Monas v. Monas, 665 So.2d 346 (Fla. 4th DCA 1995)(holding that any order to pay medical expenses should be limited to those that are reasonable and necessary).
The wife's last argument is that the trial court erred in failing to specify whether the husband's payment of certain marital debts was in the nature of child support. The trial court, while noting that it would be equitable for the husband to be responsible for paying those debts, made no expression that those debts should be considered part of his child support obligation. We find no abuse of discretion or error on that issue.
AFFIRMED in part, REVERSED in part, and REMANDED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] See § 62.30, Fla. Stat. (1997).