COPE, J.
 

 The husband in a dissolution action appeals an assessment of attorney’s fees against him. We agree that the attorney’s fee award cannot stand.
 

 Husband Gerald Greenwald and wife Cheryl Gale Rivkind-Greenwald were married on May 18, 2004. Fourteen months later, the couple separated and sought divorce. The wife claimed entitlement to permanent alimony. According to the wife, the husband induced her to quit her lucrative job. At trial, it was proven by way of email evidence that the wife wanted to quit her job prior to the marriage and the proposition that the husband induced her to quit was false. The judgment stated:
 

 The parties met online through J-Date, a computer dating service, in February, 2004. They were both mature adults who already had grown children. The husband was 63 and the wife was 57. There were no minor children born of this marriage and none are contemplated. The husband had survived cancer multiple times and was receiving disability payments of about $28,000.00 per month; earlier in his life, he had been a practicing dermatologist. The wife was working for Cox Radio, had been employed there for almost 30 years, and received a compensation package of over $100,000.00 per year. They married on May 18, 2004, within three months of their first online introduction.
 

 The relationship seemed unstable from the beginning. The wife did not
 
 *251
 
 move into the husband’s home right away, then she did move in, then she moved out, then she moved in again, then she moved out again — several separations interspersed with short interludes together. The parties finally separated over the summer of 2005. At least one prior dissolution of marriage petition was filed and abandoned. If the Court added up all the days and nights these parties were together, it would amount to no more than 14 months. Yet this subsequent litigation has been pending more than twice as long.
 

 ALIMONY
 

 The major issue in dispute in this case is the wife’s claim for alimony. She claims that, even though this was a short term marriage, the husband induced her to quit her lucrative job to become a full-time wife. The husband testified that the wife chose on her own to quit. He also testified that the wife offered to keep “seeing” him after the final separation, but only if he would pay her $2,500.00 per month.
 

 This Court had the opportunity to observe the wife carefully as she testified. The Court simply does not find credible her claim that the husband forced or induced her to quit her job with Cox Radio. The wife was apparently unhappy with her job and had looked for new job opportunities before she even met the husband. The wife also received a substantial severance package when she left Cox Radio; the severance package included a release by the wife of claims against Cox Radio for discrimination. Moreover, the wife’s demeanor at trial, and especially her refusal to make eye contact when discussing her former job, leads this Court to conclude her testimony that the husband forced or induced her to leave her employment at Cox Radio is unworthy of belief.
 

 The trial court entered a final judgment of dissolution of marriage wherein the wife was not awarded alimony. The court reserved jurisdiction to award attorney’s fees and costs to either party.
 

 An attorney’s fee hearing was held where both parties sought attorney’s fees and stipulated as to the financial findings made in the final judgment. The court awarded the wife $65,000 in attorney’s fees. The husband has appealed.
 

 Respectfully, the trial court should have denied the wife’s attorney’s fee claim on authority of
 
 Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997). This was an extremely short term marriage — fourteen months. Permanent alimony is generally inappropriate in a short term marriage. According to one treatise, “to justify an award of permanent alimony to the spouse of a short-term marriage, there must be a genuine inequity arising from an inability by the requesting spouse to be self-supporting. Further, the lack of ability to be self-supporting must have resulted from something that transpired during the marriage, although it need not result from something for which the non-requesting spouse is responsible.” 1 Brenda M. Abrams,
 
 Florida Family Law
 
 § 31.05[l][b][ii] (2007).
 
 *
 

 
 *252
 
 The wife in this case contended that she was entitled to permanent alimony because of her claim (which turned out to be false) that the husband induced her to leave her thirty-year employment with Cox Communications to become a full-time wife. Presumably, her position was that she would be unable to find new employment, let alone comparable employment, or otherwise be self-supporting. In reality, according to the trial court’s findings:
 

 D. The wife is currently working, earning $40,000 per year; she receives a monthly pension for life; she is eligible to draw on her 401 (k) but has not needed to do so to sustain her lifestyle; she has no liabilities and almost all of the parties’ marital assets are in her possession; and she has managed to maintain her level of nonmarital assets at around $750,000, of which at least $200,000 is liquid. The husband has heavily-mortgaged nonmarital assets; he has over $90,000 in debt as a consequence of his inability to reduce his fixed expenses; his disability income decreased upon his 65th birthday from approximately $28,000.00 per month to approximately $13,000.00 per month; he has been unable to decrease fixed expenses in the current housing market.
 

 The record reflects that the husband made a settlement offer to pay $36,000 in alimony to the wife in order to resolve the case. As acknowledged by the wife at oral argument, the case went to trial solely because of the wife’s claim for permanent alimony. Given the short-term nature of the marriage, the almost total lack of any marital assets, and the fact that the parties’ property was almost all premarital in nature, there were few issues in the case, other than discovery and the wife’s claim for alimony. Adding this up, (1) this was a claim for permanent alimony in a short-term marriage, which is almost never successful; (2) the case went to trial solely on the permanent alimony issue; (3) the basis of the claim was false, as outlined above; and (4) the wife turned down a favorable opportunity to settle the case before trial. Attorney’s fees should not have been awarded to the wife.
 
 Rosen.
 
 We reverse that award.
 

 The husband also requested attorney’s fees. Each side argued that the other side had been guilty of obstructive litigation tactics, and each side argued that, post-divorce, the other side was in a better financial position. We are unable to say that the trial court abused its discretion in denying the husband’s motion.
 

 For the stated reasons, we affirm the denial of attorney’s fees to the husband, reverse the award of attorney’s fees to the wife, and remand for entry of a judgment denying attorney’s fees to the wife.
 

 Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.
 

 *
 

 Following are examples of exceptions to the general rule that permanent alimony is generally inappropriate in a short term marriage, but those are not applicable here.
 
 See Levy v. Levy,
 
 900 So.2d 737, 742 (Fla. 2d DCA 2005) (holding that an award of permanent alimony while generally not available in a short-term marriage, was proper because the wife was unable to be self-supporting by reason of a physical disability);
 
 Reeves v. Reeves,
 
 821 So.2d 333, 334-35 (Fla. 5th DCA 2002) (holding that presumption against awarding permanent alimony in a short-term marriage was rebutted by the fact that the wife left her full-time employment and took lower-paying part-time employment to care for the couple’s dis
 
 *252
 
 abled child; wife will continue to render such care after the divorce);
 
 Driscoll v. Driscoll,
 
 547 So.2d 1247 (Fla. 4th DCA 1989)(wife gave up alimony she was receiving from her previous marriage when she married current husband; when new marriage broke up after five years she could only earn the minimum wage; permanent alimony was awarded).