ROTHENBERG, J.
Angela Stevens Pearce (“the Wife”) appeals from the final judgment dissolving her marriage to Harlan William Pearce (“the Husband”). Finding no abuse of discretion, we affirm.
The parties were married in July 1998, and the Husband filed his petition for dissolution of marriage in March 2007. During the parties’ short-term marriage of less than nine years, no children were born.
Following a two-day final hearing, at which both parties were represented by counsel, the trial court entered the final judgment, addressing, in part, the equitable distribution of the parties’ marital assets and liabilities and the Wife’s request for spousal support.
The final judgment reflects that the parties’ primary marital asset is a limousine business in New York that the Husband co-owns.[1] The parties stipulated that Wife’s marital share of the limousine business was valued at $178,000. As to the parties’ liabilities, the trial court determined that, based on expert testimony and the parties’ tax returns for 2002 through 2007, which were completed and filed during the divorce proceeding, the parties owe approximately $1.3 million in unpaid taxes to the Internal Revenue Service and the State of New York. Moreover, the trial court found that the Wife knew that the parties failed to file tax returns for personal income derived during 2002 through 2007 and that the parties’ lifestyle was enhanced due to their failure to pay taxes. Further, the trial court set-off the Wife’s interest in the limousine business against *97 her responsibility for half of the tax liability, and allocated the remainder of the tax liability to the Husband.
As to spousal support, the trial court addressed the relevant economic factors set forth in section 61.08, Florida Statutes (2008), finding that awards of permanent periodic alimony or lump sum alimony were inappropriate. In part, the trial court recognized that, although the parties enjoyed a “very comfortable” standard of living from 2002 to 2007, the parties struggled financially prior to 2002; the parties’ standard of living was enhanced due to their failure to pay income taxes; the parties’ marriage was of a “relatively short duration”; there is no “history of any physical or emotional condition which would affect either of the parties”; the Husband was allocated a grossly disproportionate amount of the marital liabilities; and most of the Husband’s future income will be needed to satisfy the tax liability. The trial court also concluded that rehabilitative alimony was inappropriate because the Wife failed to submit a rehabilitative plan. See Layeni v. Layeni, 843 So.2d 295, 299 (Fla. 5th DCA 2003) (“Rehabilitative alimony cannot be awarded absent a rehabilitative plan.”). The trial court, however, granted bridge-the-gap alimony to the Wife.
In addition to the award of bridge-the-gap alimony, the trial court ordered the Husband to maintain the Wife’s COBRA health insurance coverage for eighteen months, and thereafter, to pay up to $600 per month for the Wife’s health insurance premiums for thirty-six months.
In this appeal from the final judgment, the Wife’s primary contention is that the trial court abused its discretion by failing to award permanent periodic alimony. We disagree.
In a dissolution of marriage action involving a short-term marriage, there is a presumption against an award of permanent periodic alimony, but the presumption is rebuttable. See Greenwald v. Rivkind-Greenwald, 31 So.3d 250, 251 (Fla. 3d DCA 2010) (“Permanent alimony is generally inappropriate in a short term marriage.”); Reeves v. Reeves, 821 So.2d 333, 334 (Fla. 5th DCA 2002). Without rehashing the trial court’s findings of fact as to the factors set forth in section 61.08, we cannot find that the trial court abused its discretion by denying the Wife’s request for permanent periodic alimony. See Reeves, 821 So.2d at 335 (reversing denial of permanent periodic alimony in short-term marriage where the parties agreed that the wife would discontinue her career to care for parties’ disabled child); Adinolfe v. Adinolfe, 718 So.2d 369 (Fla. 4th DCA 1998) (affirming denial of permanent periodic alimony in short-term marriage even though wife’s health deteriorated during the marriage, where the trial court also considered the distribution of the marital assets and liabilities, which favored the wife).
The remaining issues raised by the Wife lack merit. Accordingly, we affirm the final judgment under review.
Affirmed.

. The trial court awarded the parties' marital home, which at the time of the final hearing was "upside down,” to the Husband. However, as part of the Wife's bridge-the-gap alimony, the Wife was permitted to remain in the house until it was sold, foreclosed upon, etc. During this period, the Husband was ordered to pay all expenses associated with the house, including utilities and maintenance. In addition, the trial court awarded the Wife her vehicle, but ordered the Husband to pay her car payment.