# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2023.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D22-0409
Lower Tribunal No. 20-9424

————————

**Daniel Ferrer,**
Appellant,

vs.

**Zeida M. Larrinaga,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Maria Espinosa Dennis, Judge.

Mandel Law Group, P.A., and Roberta G. Mandel, for appellant.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for appellee.

Before EMAS, HENDON and BOKOR, JJ.

EMAS, J.

Daniel Ferrer, the Former Husband, appeals from a final judgment of dissolution of marriage which awarded the Former Wife, Zeida Larrinaga: permanent periodic alimony of $1,000 per month; the Former Husband's interest in the marital home as lump sum alimony; and fifty percent of the funds in the Former Husband's 401(k) account as of the date of the filing of the petition for dissolution.

Significant to this appeal, the parties were married less than seven years (a short-term marriage[1]) and the Former Wife is physically disabled,

---

[1] As the First District noted in Odom v. Odom, 312 So. 3d 1073, 1077-78 (Fla. 1st DCA 2021):

> The presumption against awarding permanent alimony in cases involving a short-term marriage is a rebuttable one. Reeves v. Reeves, 821 So. 2d 333, 334 (Fla. 5th DCA 2002). "Permanent alimony can be awarded in cases involving a short-term marriage where events which occurred during the marriage preclude a spouse from earning as much as he or she did prior to the marriage." Id. at 334-35. In considering the propriety of awarding permanent alimony following a short-term marriage, the question is whether there would be a genuine inequity without permanent alimony; more specifically, whether the requesting spouse is without the means to self-support as a result of something that happened during the marriage. Levy v. Levy, 900 So. 2d 737, 742 (Fla. 2d DCA 2005). "The short-term marriage cases in which awards of permanent alimony have been deemed appropriate have generally involved requesting spouses who were incapable of self-support by reason of a physical or mental disability." Id. "An award of permanent alimony is not appropriate in a short-term marriage solely to enable the requesting spouse to maintain the marital lifestyle ...." Id. at 743.

2

having been diagnosed with multiple sclerosis prior to the parties marrying and, shortly after the marriage, having suffered ill health effects from a surgery to remove a brain tumor, rendering her unable to work.

Upon our review of the record on appeal, we conclude the trial court did not abuse its discretion in awarding alimony (permanent and lump sum) or in its equitable distribution of the 401(k) account.[2] Canakaris v. Canakaris, 382 So. 2d 1197, 1204 (Fla. 1980) ("We acknowledge that reasonable persons might differ as to what is an appropriate sum for permanent periodic alimony in this cause, but we find it is within the parameters of reasonableness; therefore, there can be no finding of an abuse of discretion."); Viscito v. Viscito, 214 So. 3d 736 (Fla. 3d DCA 2017) (applying abuse of discretion review to award of alimony and equitable distribution).

As to the award of permanent alimony, we hold that, despite the short-term nature of the marriage, there is competent substantial evidence to support the trial court's determination of "exceptional circumstances" and its finding that "no other form of alimony is fair and reasonable under the

---

[2] It is undisputed that the entirety of the 401(k) account was a marital asset, and that, during the pendency of the dissolution proceeding, the Former Husband unilaterally withdrew $6329 from the account without notice to the Former Wife. The Former Husband testified that he used the money to pay general expenses and his attorney; he further testified he has paid his attorney approximately $15,000. According to the Former Husband's affidavit, the account balance at the time of the trial was $3737.

3

circumstances of the parties." See § 61.08(8), Fla. Stat. (2011) ("Permanent alimony may be awarded following a marriage of long duration if such an award is appropriate upon consideration of the factors set forth in subsection (2) . . . following a marriage of short duration if there are written findings of exceptional circumstances. In awarding permanent alimony, the court shall include a finding that no other form of alimony is fair and reasonable under the circumstances of the parties"); Odom v. Odom, 312 So. 3d 1073, 1077-78 (Fla. 1st DCA 2021) ("The short-term marriage cases in which awards of permanent alimony have been deemed appropriate have generally involved requesting spouses who were incapable of self-support by reason of a physical or mental disability.") (quoting Levy v. Levy, 900 So. 2d 737, 742 (Fla. 2d DCA 2005)))

The trial court properly considered the factors enumerated in section 61.08(2), including the duration of the marriage; the parties' respective ages and physical and emotional conditions; the parties' actual need, financial resources, employability, earning capacities, sources of income, and ability to pay. The trial court considered the types of alimony appropriate under the circumstances, made the requisite findings, and thereafter entered an award "based on a balancing of equities supported by logic and justification." Black v. Black, 490 So. 2d 1334, 1335 (Fla. 4th DCA 1986). The competent

4

substantial evidence supports the trial court's conclusion that its award of permanent and lump sum alimony was "the only fair and reasonable determination to prevent a genuine inequity."

Affirmed.